## OLSON V. AUSDAL.

An action in claim and delivery to recover crops produced by a tenant cannot be maintained where the tenant is only performing a duty with reference to the crop imposed on him by his lease, is not asserting a right to possession, and no demand for possession has been made on him.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Lake county.    Hon. JOSEPH W. JONES, Judge.

Action in claim and delivery by Martin Olson against Iver M. Ausdal.    From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals.    Affirmed.

*F. L. Soper*, for appellant.

*Wm. McGrath*, (*Aikens & Judge*, of counsel), for respondent.

FULLER, P. J. This action in claim and delivery to recover certain wheat and oats raised during the year 1897 by defendant upon the land of plaintiff under a written lease executed by plaintiff's grantor and assignor terminated in favor of the defendant, and plaintiff appeals from the judgment and from an order overruling a motion for a new trial. By the terms of the lease, dated March 11, 1896, respondent agreed to do all

the work necessary to produce certain crops upon the premises during the years 1896, 1897, 1898, and 1899,, and as compensation therefor he was to receive a specified share thereof, to be delivered to him, at his request, by the lessor and owner of the land; "it being distinctly understood and agreed that the ownership, title and possession of the crops to be raised on said land as aforesaid, and all the grain realized from the threshing, shall be and belong to first party absolutely until a division thereof as aforesaid is made, and until first party shall deliver to and turn over to second party on said farm said half part thereof." The irresistible inference from the undisputed evidence is that at the time of the commencement of this suit respondent was performing a duty with reference to the grain in dispute imposed upon him by the express terms of the contract, and was neither in possession of such crops nor asserting any such right, and no demand for the possession thereof was ever made upon him. Appellant, being the owner in possession of the property, and wrongful detention by respondent being the gist of the action, there was nothing to be recovered. The mere fact that he was "in the act of threshing and marketing all of the wheat and oats raised by him on the land in the year 1897" raises no presumption in view of the nature of his employment under the lease, that he was asserting any right of possession or ownership, but, rather, that he was acting for and in behalf of appellant. The judgment appealed from is affirmed.