BEECHER H. WARD v. HENRY RIPPE.[1]

July 15, 1904.

Nos. 13,982—(158).

**Landlord and Tenant.**

> A lease of farm premises contained the provision that the title and possession of all crops grown upon the land should remain in the lessor, and, upon the faithful performance of the contract, the lessor agreed to give title to the tenant of all the produce raised upon the land. *Held*, the contract constituted a chattel mortgage, and, having been executed more than one year in advance of the sowing of the seed, was void, under section 4154, G. S. 1894.

Action in the district court for Martin county to recover from defendant $200 for the conversion of grain. The case was tried before Quinn, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Albert R. Allen* and *De Forrest Ward,* for appellant.

*Mathwig & Sasse,* for respondent.

LEWIS, J.

Plaintiff owned a farm, which he leased to a tenant for three years for $940; $300 to be paid the first year, and $320 the two following years. The lease contained the usual clause for re-entry by the lessor in case of default by the lessee, the surrender of the premises at the termination of the lease, the proper cultivation of the lands, covenants of peaceable possession on the part of the lessor, and the further agreement that, should the tenant fail to make the payments of rent as specified, or fail to fulfil any of the covenants, then plaintiff might re-enter and take possession of the premises, and hold and enjoy the same, without such re-entering working a forfeiture of the rents to be paid by the tenant, and also the following clause:

> Party of the second part further agrees not to sell, mortgage or remove, or suffer to be sold, mortgaged or removed, any of the produce, grain or hay of any kind raised upon said

[1] Reported in 100 N. W. 386.

farm, until after the payment of the yearly rent for each year as hereinbefore specified, and until the rent due for each year on said premises is paid, and until party of the second part has done and performed all of the things to be done by him, including the work or paying of the road taxes and the payment of the yearly rent, the title and possession of all hay, grain, crops or produce of any kind raised or grown on said land shall be and remain in the party of the first part, said party of the first part shall have the right to take or hold enough of said crops, grain, or produce raised upon said land to repay any and all advances made to party of the second part by the party of the first part, with interest. * * * In consideration of the diligent and faithful performance of all of the stipulations, including the payment of rent and indebtedness, in this contract to be done by party of the second part, the party of the first part agrees to give title to and possession of all of the hay, grain and produce raised on said farm.

The rentals for the first and second years were paid, and, of the crop raised during the third year, the tenant delivered the portion in controversy to defendant's elevator, whose agent received and paid the tenant for the same without any notice of any claim thereto on the part of plaintiff. The lease was not of record, and it is admitted that defendant had no notice whatever of its existence or contents.

The case turns upon the construction to be given that clause of the lease above quoted, and is controlled by Merrill v. Ressler, 37 Minn. 82, 33 N. W. 117, and McNeal v. Rider, 79 Minn. 153, 81 N. W. 830. We hold that the contract was a mortgage to secure the payment of the rent, and, having been given more than one year in advance of the sowing of the seed from which the crop in question was raised, and not having been given to secure any part of the purchase price of the land upon which the crops were grown, the contract was void, under section 4154, G. S. 1894.

Order affirmed.