HENRY AGNE v. SKEWIS-MOEN COMPANY.[1]

May 4, 1906.

Nos. 14,698—(72).

**Landlord and Tenant—Conversion of Crop.**

The rights of the landowner under a farm contract like that construed in McNeal v. Rider, 79 Minn. 153, and other similar cases, in so far as the contract vests in him the right to take and dispose of enough of the tenant's share of the crops raised to reimburse him for the tenant's failure to perform the same, are those of a mortgagee; and in an action against a third party for a conversion of the crops, his recovery must be limited, as respects the tenant's share, to the value of the same, not exceeding the cost and expense occasioned by the latter's default in performing the contract.

**Exclusion of Evidence.**

Where, in such an action, the plaintiff, the landowner, offers evidence for the purpose of showing the damage suffered by reason of the tenant's default, and it is excluded on defendant's objection, the latter cannot be heard to complain that plaintiff's recovery was not based upon a correct theory of the law.

**Knowledge of Mortgagee.**

Evidence examined, and *held* sufficient to sustain the verdict of the jury to the effect that the mortgagees, under whom defendant justifies, had actual notice of plaintiff's farm contract at the time the mortgage was executed.

Appeal by defendant from an order of the district court for Nobles county, P. E. Brown, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $376. Affirmed.

*Town & Jones* and *C. M. Crandall,* for appellant.

*Geo. W. Wilson & Son,* for respondent.

BROWN, J.

Action in conversion for certain grain, in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial.

[1] Reported in 107 N. W. 415.

The facts are as follows: Plaintiff was the owner of a farm situated in Nobles county, and on August 30, 1901, entered into a contract by which he leased and let the same for the farming season of 1902 to one Pierce. The contract was the usual farm contract, construed several times in this court. McNeal v. Rider, 79 Minn. 153, 81 N. W. 830, 79 Am. St. 437, and cases cited. It contained numerous covenants and agreements on the part of Pierce, the tenant, respecting the cultivation and operation of the farm; and provided, among other things, that plaintiff, the landlord, should have one-third of all crops raised, Pierce two-thirds, and that the title to all thereof should remain in plaintiff until a division was had in accordance with its terms. It also provided that in the event Pierce should fail fully to perform the conditions of the contract, plaintiff might enter upon and take full and absolute possession of the premises for the purpose of doing and performing all things left undone by Pierce, and

> Retain and sell sufficient of the crops raised on said premises that would otherwise belong to said first party [Pierce] * * * to pay and satisfy all costs and expenses of every kind incurred in performing said contract; * * * the residue remaining, if any, of said crops shall belong to the said party of the first part.

Pierce thereafter took possession of the farm and sowed and planted thereon crops in accordance with the terms of the contract. He mortgaged his interest in the crops to Albinson & Boberg to secure an indebtedness due them, which mortgage was duly executed and filed in the office of the town clerk. After the crops had been harvested in the fall of 1902, and before any division thereof had been made between plaintiff and Pierce, proceedings were had to foreclose this mortgage; and the grain in controversy in this action, being a part of that raised under the farm contract, was sold and delivered to defendant at its elevator by the sheriff of the county, who conducted the foreclosure proceedings. Other portions were sold and disposed of to other elevator proprietors at other places. Plaintiff demanded the return of the grain or payment therefor, and upon defendant's

refusal, brought this action in conversion.   Plaintiff bases his right of recovery upon the farm contract, attached to and made a part of the complaint, which vests in him ownership of all the crops raised thereunder until division and the right to hold the tenant's share as security for the performance of the contract.   The answer was a general denial.

But one issue of fact was litigated on the trial below.   The farm contract under which plaintiff claims, in so far as it authorized him to take and dispose of enough of the tenant's share of the crops to pay and satisfy all costs and expenses occasioned by the latter's failure to perform the contract, vested in plaintiff the rights of a mortgagee. Wright v. Larson, 51 Minn. 321, 322, 53 N. W. 712, 38 Am. St. 504; McNeal v. Rider, supra; Rector v. Anderson, 96 Minn. 123, 104 N. W. 884.   It was not filed in the office of the town clerk, and the question of fact litigated on the trial was whether Albinson & Boberg, the mortgagees, had notice thereof at the time they took their chattel mortgage; the mortgage under which defendant here justifies.   All other matters were either agreed upon by the parties, or resolved themselves into questions of law.   The jury found that the mortgagees had actual notice of the farm contract at the time of the execution of their mortgage, and returned a verdict for plaintiff for the value of all grain shown to have been delivered to defendant by the sheriff, which exceeded the value of plaintiff's one-third interest in the total crops raised.

Several questions are presented and discussed in the briefs, but in the view we take of the case, it becomes unnecessary to consider them all.   The claim that the verdict of the jury to the effect that the mortgagees of the chattel mortgage had actual notice of the existence of the farm contract at the time of the execution of the mortgage, is not sustained by the evidence, is not well taken.   Our examination of the record leads to the conclusion that the question was properly submitted to the jury, and the evidence sustains the verdict.   There was no error in the ruling of the court admitting the declaration of one of the mortgagees to the effect that he knew of the farm contract at the time the mortgage was taken; for it is clear that the declaration was offered and received for the purpose of impeachment only.   The mort-

gagee whose declaration was thus received, when on the stand, denied that he had made any such statement, and the testimony was subsequently offered by plaintiff for the purpose of contradicting that testimony.

It is also contended that plaintiff's recovery should have been limited to the value of his one-third interest in the crops, and such additional sum out of the tenant's share as would fully compensate him for any default committed by the tenant in the performance of the contract. This position is unquestionably sound. Plaintiff's right to the tenant's share of the crop was that of a mortgagee, and it well settled that in an action by the mortgagee of chattels against a third person for their conversion, recovery is limited to the value of the property not exceeding the amount due on the mortgage. Becker v. Dunham, 27 Minn. 32, 6 N. W. 406; Strickland v. Minnesota Type-Foundry Co., 77 Minn. 210, 79 N. W. 674.

By the terms of the farm contract plaintiff was the absolute owner of one-third of the crops, and had the right to take and dispose of enough of the tenant's share to defray any expense caused by the latter's default in performing the conditions of the contract. Prima facie, plaintiff was entitled to recover the full value of the crops taken by defendant, unless it was a purchaser in good faith, and if it was, it could insist that plaintiff's recovery of the tenant's share be limited to the damages caused by the tenant's failure to perform. This was the position taken by plaintiff's counsel at the trial. He offered evidence tending to show that the tenant had failed to perform the contract in several respects, and also evidence for the purpose of showing the damages suffered by plaintiff by reason of the default. This evidence was objected to by defendant's counsel, and excluded by the court. The court should have received it, and should have sent the case to the jury for them to determine the damage plaintiff had suffered by reason of the tenant's failure to perform his contract.

But defendant is in no position to complain that the recovery against it is too large, that it includes more than plaintiff's one-third of the crops raised; having by its objection succeeded in excluding from the case testimony which would have limited plaintiff's recovery in accordance with the rule it now contends for, defendant is in no posi-

tion to complain, and is bound by the result. Poehler v. Reese, 78 Minn. 71, 80 N. W. 847.

The other assignments of error do not require special mention. We discover in none of them reversible error. The point made that the complaint is defective because not alleging the default of the tenant to perform the terms of the contract is not well taken. Strickland v. Minnesota Type-Foundry Co., supra.

Order affirmed.