## DOBBS v. ATLAS ELEVATOR CO.

Rev. Civ. Code, § 1667, provides that leases of land shall be in writing, and declares that such leases shall be void if entered into by an agent whose authority is not evidenced by a written instrument subscribed by his principal. Section 1670 provides that a ratification is not valid unless, at the time of ratifying the act done, the principal has power to confer authority for such an act. **Held,** that a lease executed by one who purported to act as the agent of the owner of the land, but without written authority, was void, and such lease was not rendered valid by a ratification made by one who owned the land at the time the lease was executed, but who had parted with title before the ratification.

(Opinion filed, July 8, 1908.)

Appeal from Circuit Court, Codington County. Hon. GEORGE W. MARQUIS, Judge.

Action by Nancy K. Dobbs against the Atlas Elevator Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

*H. G. Hundredmark* and *John R. Vanderlip,* for appellant. *Hanten & Loucks,* for respondent.

FULLER, J. Claiming to be the owner, and entitled to the rents and profits of a certain Codington county farm of 640 acres, respondent brought this action to recover $381.60, paid by appellant for certain grain produced thereon by William White during the cropping season of 1904. The lease upon which she relies was executed on the 23d day of June, 1903, for a term of three years, and contains the following clause: "That the ownership and right of possession of each year's crop raised on said premises by said second party shall be absolutely and unqualifiedly in the owner of said premises, namely, said first party, and shall be and remain in said first party until said rent is fully paid each year when due, and until said first party has made a statement in writing to the

effect that said rent due for each year as crop is raised has been paid, and this statement in writing shall be the only evidence of the payment of said rent." Now this lease was signed by John W. Brennan, lessee, and by L. G. Dobbs, as the agent of N. J. Hunt, lessor, but there is no evidence that Hunt then owned or possessed the slightest interest in the premises, and there is nothing to show that Dobbs had any authority to thus act as the agent of the owner in the execution of the instrument, which, by its terms, required three years for performance.

The statute expressly requires such contracts to be in writing, and declares them void if entered into by an agent whose authority is not evidenced by a written instrument subscribed by his principal. Rev. Civ. Code, §§ 1238-1667. The undisputed evidence shows that Brennan never went into possession of the premises, but designated himself as the owner thereof, in a lease subject to sale which he executed to William White on the 12th day of March, 1904, for the ensuing season, and by the terms of which each of such contracting parties was to have one-half of all crops raised. Seven months after Brennan leased to White, and on the 13th day of October, 1904, which is 16 months after the date of the lease under which title to the grain raised on the farm is claimed by respondent, she secured a quit-claim deed to the premises, executed in Wisconsin by Nancy J. Hunt; and, in response to a letter written a few days later by L. G. Dobbs, he received the following, which is wholly relied upon as a ratification of his unauthorized act in signing the lease: "The farm lease between me and J. W. Brennan, executed by L. G. Dobbs, my agent, meets my approval. N. J. Hunt." It might be assumed that, when L. G. Dobbs executed the purported lease, which was assigned to respondent November 29, 1904, Mrs. Hunt owned the farm, and therefore possessed present power to ratify his act in a manner that would relate back and be aquivalent to prior authority, but she was divested of all her right, title, and interest before she recognized his agency and expressed approval of his act. Section 1670 of the Revised Civil Code is conclusive, and as follows: "A ratification is not valid unless, at the time of ratifying the act done, the principal has power to confer authority for such an act." This statu-

tory provision exemplifies an elementary principle of the common law, and was adopted from the Civil Code prepared for the state of New York, by David Dudley Field, who cites, in connection therewith, a case in point, from which the following is quoted: "A ratification can only be made when the principal possessed at the time the power to do the act ratified. He must be able, at the time, to make the contract to which, by his ratification, he gives validity. The ratification is the first proceeding by which he becomes a party to the transaction, and he cannot acquire or confer the rights resulting from that transaction unless in a position to enter directly upon a similar transaction himself."

As respondent's only claim of right to maintain this action against a stranger, for the wrongful conversion of grain produced by another stranger, on premises in which she had no interest at the time, is based on a lease, void at its inception, and never made obligatory, it is needless to consider other errors of law urged by counsel for appellant, but which are not likely to occur during a retrial of the action.

The judgment appealed from is reversed, and the application for a new trial is granted.

CORSON, J., dissenting.