(118 N. W. 240.)

---

A. J. McFADDEN v. THORPE ELEVATOR COMPANY.

Opinion filed October 30, 1908.

**Landlord and Tenant — Crop Contract — Reservation of Chattel Mortgage.**

1. Plaintiff, the owner of certain real property, entered into the usual farm contract with one A to farm the same for three years, A to receive a certain share of the crops each year upon division thereof, the contract containing the usual stipulation reserving title in plaintiff to all such crops until a division. In February, 1905, being the third year, and for the purpose of securing the payment of certain indebtedness then due from A to plaintiff, A executed and delivered to plaintiff a chattel mortgage upon his "undivided one-half interest in all crops * * * which have been or may be sown, grown, planted or harvested during the year 1905 * * * on the following described real estate" (describing the property included in the farm contract). *Held,* under the facts disclosed, that, by accepting such mortgage, plaintiff did not thereby waive or abandon stipulation in

the contract reserving title to the crops. The so-called chattel mortgage amounting merely to a contract for a lien when the mortgagor acquired title, and plaintiff's act in accepting the same was not necessarily inconsistent with his reservation of title under the farm contract.

### Same — Waiver.

2. The question of waiver is largely one of intent, and, under the evidence, it is apparent that no such waiver was intended by the acceptance of the chattel mortgage.

### Election of Remedy — What Constitutes — Mistake.

3. In plaintiff's original complaint, he based his right of recovery upon the chattel mortgage, claiming merely a special property in the grain. Subsequently he was permitted to amend his complaint by abandoning such theory, and alleging ownership of the grain by virtue of the farm contract. *Held,* that, by adopting the theory of recovery set forth in the original complaint, plaintiff did not thereby preclude himself from receding therefrom, nor did such act evince an intention on plaintiff's part to waive his legal title under the contract. He had no election of remedies, as his only cause of action was grounded upon his title under the farm contract; the chattel mortgage not having attached to the grain at the date of the conversion. Plaintiff was merely mistaken in attempting to pursue a remedy which he did not have, and this cannot be construed on as election to waive or abandon the only remedy which he possessed.

### Chattel Mortgages—Reservation of Title in Farm Contract—Filing Same.

4. The stipulation in the farm contract reserving title to the crops in plaintiff did not constitute a chattel mortgage; hence the filing of such contract was unnecessary as against innocent purchasers of the grain, following Angell v. Egger, 6 N. D. 391, 71 N. W. 547.

### Trover and Conversion — Demand.

5. Assuming, without deciding, that a demand upon defendant for the grain was necessary in order to show a conversion, it is *held* under the evidence that a sufficient demand was made.

Appeal from District Court, Pembina county; *Kneeshaw,* J.

Action by A. J. McFadden against Thorpe Elevator Company. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Guy C. H. Corliss,* for appellant.

An election of remedy, with full knowledge of the facts, is binding. Birdsell Mfg. Co. v. Oglevee, 58 N. E. 231; Harding v. At-

lantic Trust Co., 67 Pac. 222; Thomas v. Watt, 62 N. W. 345; Mc-
Donald v. Bank, 70 N. W. 143; Wright & Co. v. Robinson, 82 N.
W. 632; Terry v. Munger, 24 N. E. 272; Braithwaite v. Aikin, 3
N. D. 365, 56 N. W. 133.

Where, in a farm contract, title is held as security, the trans-
action is a chattel mortgage. McNeil v. Ryder, 81 N. W. 830;
Agne v. Skewis-Moen Co., 107 N. W. 415.

Purchaser of property, if buyer is innocent, is not a conversion,
and demand before suit is necessary. Plano Mfg. Co. v. N. P. El.
Co. 53 N. W. 202; Hovey v. Bromley, 85 Hun. 540; Metcalfe v.
Dickman, 43 Ill. App. 284; Valentine v. Duff, 7 Ind. App. 196;
Dean v. Cushman, 94 Me. 454.

*M. Brynjolfson* and *Jeff M. Myers,* for repsondents.

Adopting by mistake a falacious or illusory remedy does not
preclude following any other that is open. In Re. VanNorman,
43 N. W. 334; McLaughlin v. Austin, 62 N. W. 719; Smith v.
Bricker, 53 N. W. 250; Bunch v. Grave, 12 N. E. 514; City of
Omaha v. Redick, 85 N. W. 46; Fuller Co. v. Harter, 85 N. W.
698; Snow v. Alley, 30 N. E. 691; Agar v. Winslow, 56 Pac. 422.

Under the usual farm contract reserving title to secure per-
formance, the renter acquires no title until the fulfilment of its con-
ditions undertaken by him. Angell v. Egger, 6 N. D. 391, 71 N. W.
547; Bidgood v. Monarch El. Co. 9 N. D. 627, 84 N. W. 561;
Hawk v. Konouzki, 10 N. D. 37, 84 N. W. 563; Consolidated Land
Co. v. Hawley, 63 N. W. 904; Savings Bank v. Canfield, 81 N. W.
630.

Chattel mortgage does not attach to renter's interest until such
fulfillment. Bidgood v. Monarch El. Co. supra; Hawk v. Kon-
ouzki, supra; Savings Bank v. Canfield, supra.

The demand was sufficient. 28 Am. & Eng. Enc. (2nd Ed.) 708.

Demand from a distance by letter unanswered, is sufficient. First
National Bank of Fargo v. Minneapolis & N. El. Co. 11 N. D.
280, 91 N. W. 436.

FISK, J. This action was brought in the district court of Pem-
bina county to recover damages for the alleged conversion of cer-
tain wheat. A jury was waived, and the plaintiff recovered judg-
ment in the court below, from which judgment this appeal is prose-
cuted. The grain in question was raised by one Alke upon plain-

tiff's land during the season of 1905, under the ordinary farm contract entered into on March 17, 1903, and covering that and the two succeeding years. The usual provision is in said contract reserving title to all crops in the landlord until the division thereof, the tenant to receive one-half of such crops upon the faithful and diligent performance by him of all the stipulations of the contract. The record discloses that on February 28, 1905, Alke executed and delivered to plaintiff a chattel mortgage upon his "undivided one-half interest in all crops of every name, nature, and description, which have been or may be sown, grown, planted, cultivated, or harvested during the year 1905, and until said debt is paid on the following described real estate" (describing same) to secure the payment of a certain promisory note dated on said day for the sum of $1,143.35. In his original complaint plaintiff based his right of recovery upon this chattel mortgage, but subsequently, by leave of court and by consent of defendant's counsel, the complaint was amended so as to base the right of recovery under the farm contract upon which amended complaint the action was tried. The receipt by defendant of the wheat involved in this litigation is conceded, but whether defendant converted the same, and whether plaintiff can maintain the action under his amended complaint, are the controverted questions in the case.

It is appellant's contention that plaintiff, by taking and accepting the chattel mortgage from Alke, thereby necessarily waived his right under the farm contract to retain the legal title to all crops in him. In other words, it is contended that, by accepting such chattel mortgage, plaintiff definitely decided that he would treat the grain as the property of Alke, and rely wholly upon the chattel mortgage for his security. Appellant's counsel says: "It is not a question of contract or estoppel, but merely the question whether plaintiff, having the election to treat the grain as his under the contract, or to yield the legal title to Alke and fall back on his chattel mortgage, decided to rely upon the chattel mortgage. * * What the plaintiff had open to him was in the nature of an election of remedies. He could take the position that there had been no division, and therefore that he could claim the technical legal title under the contract in way of security for the amount specified in the note and secured by the chattel mortgage, or he could proceed on the theory that the legal title to this grain representing a part of Alke's one-half was in Alke, and he would em-

ploy the remedy given him by the chattel mortgage. Each avenue was open to him, and, having made his election with full knowledge of the facts, he is bound thereby." Appellant's contention, broadly stated, leads to the inevitable conclusion that a landlord cannot retain title to his tenant's part of the crops under a stipulation like the one in the contract in question, and at the same time or subsequently take security from his tenant by means of a chattel mortgage upon such property, and that his act in taking the chattel mortgage under such facts must be deemed conclusive evidence of a waiver by him of the legal title thus reserved. Our attention has been called to no adjudicated case supporting such contention, and we know of no such authority. As we view the question, there is no necessary inconsistency between the relations of the parties as created by the contract, and those created by the chattel mortgage. It is, of course, true that the title to the grain cannot rest in both the landlord and tenant at the same time. Under the contract the title, until a division, is retained by the landlord, but this is not an absolute unqualified title. On the contrary, the title, in so far as the tenant's undivided part of the crop is concerned, is in the nature of a security; the tenant having a contingent equitable interest therein which ultimately will ripen into a perfect title upon his compliance with the contract and a division of the grain. It is, of course, clear that, until he acquires the title under the contract, his mortgage cannot attach, and the same merely amounts to a contract for a lien, and we know of no reason why such a contract for a lien may not be given by the tenant and accepted by the landlord to take effect at such time in the future as the mortgagor may ultimately acquire title to his part of the crops under the terms of the contract. Such no doubt was the obvious intent of the parties, for the landlord continued thereafter to make advances to the tenant without any security other than that afforded him by the terms of the farm contract. It may be that the landlord, if he saw fit, could waive the provisions as to security which were contained in the contract, but there is no evidence that he intended to do so, and the court will not presume such intent, in the absence of any evidence aside from the mere accepting of the so-called chattel mortgage.

As before stated, in plaintiff's original complaint he sought to recover upon the ground of his special property by virtue of the chattel mortgage. Subsequently he was permitted to amend by

— 7—

abandoning such theory, and in his amended complaint he alleges ownership of the grain by virtue of the farm contract, and it is appellant's contention that plaintiff, by his first complaint elected to rely upon the mortgage, instead of title under the farm contract, and is now precluded from changing his position. Counsel's contention, as we understand it, is, in effect, that the theory upon which he framed his original complaint furnishes conclusive evidence that plaintiff thereby waived his technical legal title under the contract. This for the reason that his attempt to assert rights under the chattel mortgage was inconsistent with his retention of his legal title under the contract. There would be some force to appellant's contention if at the date of the commencement of the action plaintiff had possessed the right of electing upon which theory to proceed, but we think the fallacy of his whole argument upon this point consists in his overlooking the fact that plaintiff's cause of action arose immediately after the conversion took place. If prior to such conversion plaintiff had by any act of his waived his rights under the farm contract, so that the chattel mortgage attached to the grain, then his cause of action would necessarily be grounded upon the mortgage, otherwise any cause of action which accrued to him would arise under the farm contract. No such waiver having taken place prior to the conversion, he acquired no cause of action under the chattel mortgage, and the fact that he attempted to recover thereunder could not operate as a bar to the only cause of action which he had, to wit, under the farm contract. At the time of the conversion the plaintiff had no lien under his mortgage, and, of course, none attached thereafter. We think the opinion of Mr. Justice Holmes in Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828, furnishes a complete answer to the contention of appellant's counsel upon the question of plaintiff's waiver and election of remedies. Among other things, it is there stated: "It is quite true, as we have said, that the assertion of a lien is inconsistent with the assertion of a title (Van Winkle v. Crowell, 146 U. S. 42, 13 Sup. Ct. 18, 36 L. Ed. 880), and therefore if a lien had been established by judgment or decree, the title would be gone by force of an adjudication inconsistent with its continuance. But the assertion of a lien by one who has title, so long as it is only an assertion, and nothing more, is merely a mistake. It does not purport to be a choice, and it cannot be one, because the party has not right to choose. The claim in the lien suit, as was

said in a recent case, was not an election but a hypothesis. Northern Assur. Co. v. Grand View Bldg. Ass'n, 203 U. S. 106, 108, 27 Sup, Ct. 27, 51 L. Ed. 109. The fact that a party, through mistake, attempts to exercise a right to which he is not entitled, does not prevent his afterwards exercising one which he had and still has, unless barred by the previous attempt. Snow v. Alley, 156 Mass. 193, 195, 30 N. E. 691. * * * The contract says, in terms, that it is conditional, and that the goods are to remain the property of the seller until payment of the note given, for the price. This stipulation is perfectly lawful. Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285. So that the only question is whether any other provision of the contract is inconsistent with this one, or qualifies and explains it as intended to do less than it purports to do when taken alone. Chicago R. Equipment Co. v. Merchants' National Bank, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349. The fact that possession was to be and was delivered, and that it must have been contemplated that the rails would be put down upon a roadway no doubt assumed, it seems wrongly, to belong to the Kona Company, had no such effect, as between vendor and vendee. Neither did the requirement of additional security in the form of first mortgage bonds of the company. It may have been expected that the mortgage would embrace a part or the whole of this property, but there is nothing more common than a provision in a mortgage that it shall apply to and embrace after-acquired property with sufficient description to extend the same and bring it within the mortgage when acquired. And, if the mortgage would have been operative at once by way of estoppel in favor of third persons, there was the more reason for exacting an interest under it to save the vendor's rights in that event."

Appellant's counsel next contends that, under the modern doctrine, the provision of the farm contract reserving title in plaintiff to Alke's share of the crops amounted merely to a chattel mortgage, and hence as against defendant, an innocent purchaser, the contract should have been filed in order to be effective. Counsel cites two Minnesota cases: McNeal v. Ryder, 79 Minn. 153, 81 N. W. 830, 79 Am. St. Rep. 437, and Agne v. Skewis-Moen Co., 98 Minn. 32, 107 N. W. 415. In the former certain prior decisions of that court were reviewed, and the members of the court did not agree as to the nature and extent of such prior adjudications. Not only this, but Collins, Judge, wrote a vigorous dissenting opinion

which was concurred in by the Chief Justice. This court in Angell v. Egger, 6 N. D. 391, 71 N. W. 547, settled the question in this jurisdiction contrary to the rule announced by the Minnesota court, and it is sufficient to say that we are entirely satisfied with the rule there established, and we believe it to be in accord with the weight of authority elsewhere. 8 Am. & Eng. Enc. of L. (2d Ed.) 323, 324, and cases cited. See, also, 12 Cyc. 976.

Appellant's last contention is that there was no sufficient demand made upon defendant for the possession of the grain in question prior to the commencement of the action, and hence a conversion was not proven. Such contention is necessarily based upon the premise that a mere purchase of property from a person having no title does not constitute a conversion if the purchaser acted in good faith, and without notice of the vendor's want of title or right to sell. The authorities upon this question are apparently in hopeless conflict. See 28 Am. & Eng. Enc. of Law (2d Ed.) 704, where the cases are collated, and where the author of the article there treated states the better doctrine to be contrary to appellant's contention. It is unnecessary for us to adopt either rule in this case. Assuming, without deciding, that a demand is necessary under the facts disclosed in the record in order to prove a conversion, we are agreed that such proof was sufficiently made. It appears that 30 days prior to the commencement of suit plaintiff made a special trip to Bathgate for the sole and only purpose of demanding this grain from defendant, and that he found defendant's agent Bauer at the hotel, where he informed him that he was there to demand the wheat that he Bauer, as such agent, had bought of Alke, and wanted it, and that defendant's said agent replied, in substance, that he did not know anything about it. It also appears that defendant at no time thereafter evinced any disposition to recognize in any manner plaintiff's claim to or demand for such grain. Whether plaintiff was prepared at the time of making the demand to accept the possession of the wheat does not appear, nor do we think this material in the light of defendant's attitude regarding plaintiff's claim of right thereto and his unequivocal demand therefor. In First National Bank v. Minneapolis & N. Elevator Co., 11 N. D. 280, 91 N. W. 436, this court held a demand from a distance, and by letter which was unanswered afforded a sufficient foundation for a conversion action upon return of the registry receipt showing the delivery of such letter. Surely, if such a

demand is sufficient to show a conversion, that in the case at bar should be so held.

Having disposed of each of appellant's points adversely to his contention, the judgment appealed from should be affirmed, and it is so ordered. All concur.