## DOBBS v. ATLAS ELEVATOR CO.

An instrument, leasing premises for a stipulated term at an agreed rental, and providing that the title to all crops raised should be and remain in the lessor until the rent had been paid, is not a chattel mortgage nor in the nature thereof, so as to be required to be executed as such.

Notwithstanding a lease is void under the statute of frauds, the tenant must pay the rent according to the terms thereof, where he takes possession of the premises and enjoyes the benefits thereof under such lease.

A tenant or one holding under him with notice is estopped to assert that his landlord has no title.

A transfer of the reversion does not carry to grantee the right to rent already accrued and in arrears.

A written ratification of a lease executed by an agent without authority in writing not only validates the same from the date of the ratification, but from its inception under the doctrine of relation back.

Haney, J., dissenting.

(Opinion filed, March 23, 1910.)

Hon. GEORGE H. MARQUIS, Judge.

On rehearing. Judgment below and order denying a new trial affirmed.

For former opinion, see 22 S. D. 226, 117 N. W. 128.

*H. G. Hundredmark* and *John R. Van Derlip,* for appellant. *Hanten & Hanten,* for respondent.

McCOY, J.    This cause was before this court and the judgment of the lower court reversed in an opinion to be found in 22 S. D. 226, 117 N. W. 128. Upon application of respondent rehearing was granted, and the cause is now before this court on such rehearing. Plaintiff below, and respondent here, sought to recover from defendant $381.60, being the alleged value of certain grains, claimed to be owned by respondent, and which respondent claims defendant wrongfully and unlawfully converted to its own use. A verdict was rendered and judgment thereon entered in favor of plaintiff. Motion for new trial was overruled, and defendant brings the cause to this court alleging insufficiency of the evidence to sustain the verdict and also assigning various errors.

It appears from the record that on the 23d day of June, 1903, a written instrument was made purporting on its face to lease by N. J. Hunt to John W. Brennan the south half of section 7 and north half of section 18 in township 117 north, range 53 west, in Codington county, S. D., for the term of three years, commencing October 1, 1903, for which the said Brennan therein and thereby agreed to pay to said N. J. Hunt the sum of $950 per year, annual rent, payable on the 1st day of October, 1904, 1905, and 1906, and which lease contract contained the further provision that the ownership and title of all crops raised on the said premises during the term of said lease should be and remain in the name of said N. J. Hunt, or assigns, until the said rent was paid and a written statement to that effect made and delivered. The said lease contract was signed by said John W. Brennan, and the name of N. J. Hunt was signed thereto by L. G. Dobbs, claiming to act as the agent of N. J. Hunt. Upon the making of said lease Brennan was put into possession of said premises under and by virtue of said lease, and that during the spring and sum- of 1904 the said land was planted to crop by one William White, acting under said Brennan, and that Brennan also employed work- men in and about the care of said crops. When said grain, being some 10,000 bushels of barley and oats, was threshed, it was in some manner divided between Brennan and White and sold at defendant's elevator, at Kampeska, part in the name of Brennan and part in the name of White. It also appears that L. G. Dobbs during the summer of 1904 also resided on said premises, and that during the summer and long before the thresh- ing of any of said grain notified White of the terms of the lease under which Brennan held, and that all the grain to be grown on said premises under said lease was to be held for the payment of the rent. It also appears that on the 21st day of October, 1904, and while said crop was being delivered to defendant's said ele- vator, and prior to the delivery of and payment for a large por- tion thereof, the said Dobbs also notified and showed to defend- ant's said agent, in charge of said elevator, the conditions of said lease and informed said agent that the title to said grain was in N. J. Hunt and her assigns until the payment of said rent. It

also appears that on the 13th day of October, 1904, the said N. J. Hunt executed and delivered to Nancy K. Dobbs, the plaintiff, a quitclaim deed of said premises, and that on the 27th day of October, 1904, the said N. J. Hunt signed and delivered to said L. G. Dobbs the following paper: "La Mont, Wis., Oct. 27, 1904. The farm lease between me and J. W. Brennan, executed by L. G. Dobbs, my agent, meets my approval. N. J. Hunt." It further appears that on the 27th day of November, 1904, the said N. J. Hunt by written instrument assigned all her right, title, and interest in and to or by virtue of said lease contract, and her right of action for the recovery of rents thereunder, to the plaintiff, Nancy K. Dobbs. It also appears that the said Brennan failed to pay $381.60 of said rent for the year 1904. Afterwards this action was instituted.

Appellant first contends that the evidence is insufficient to justify the verdict. On few of the material issues there was sharp conflict in the testimony. The verdict of the jury has settled all such conflicts in favor of plaintiff, and the case for our consideration stands substantially as above stated. We are of the opinion that the evidence was sufficient to sustain the verdict. On trial, when plaintiff offered the lease purporting to have been signed by John W. Brennan and N. J. Hunt in evidence, defendant objected to the same on the ground that it was incompetent, immaterial, and irrelevant, being an instrument between persons not parties to the action or in any way connected with it; that it is an instrument in the nature of a chattel mortgage and is not executed in accordance with the laws of the state of South Dakota; that the instrument is not acknowledged and does not prove itself; that it is immaterial because there is no proof of notice to the defendant of the contents of the instrument; that no foundation has been laid, in that, under the statute of frauds, this being an instrument purporting to be a lease, for more than one year, must be in writing, and, if signed by an agent, the authority of the agent must be in writing. The objection was overruled and exception taken by defendant. This ruling of the court is now assigned as error. We are of the opinion that the ruling was correct. It appeared from the evidence of subscribing witness

Hanten that he was present at the time said instrument was executed and saw John W. Brennan sign the same, and that he saw L. G. Dobbs sign the name of N. J. Hunt thereto. The instrument is not a chattel mortgage, neither is it an instrument in the nature of a mortgage. McFadden v. Elevator Co., 118 N. W. 242. The clause therein that title to the crops raised under the said lease should remain in N. J. Hunt and her assigns until the rent was paid relates solely to the ownership of the crops and in no manner attempts to create a lien thereon. It is a provision frequently made in leases, and one which the parties had the right to make, whether the landlord received money or a share of the crop as rent. It was a matter subject to, and that might be varied by, the terms of the contract in accordance with the will of the parties. Land Co. v. Hawley, 7 S. D. 229, 63 N. W. 904; Baumann v. Jerome, 21 S. D. 42, 109 N. W. 513; Olson v. Ausdal, 13 S. D. 26, 82 N. W. 89; 24 Cyc. 1470.

It is further urged by appellant that the lease contract was not to be performed within one year and must be in writing, and, where signed by an agent, the authority of the agent to sign the principal's name thereto must also be in writing, and, there being no evidence that at the time this lease was executed the agent had any such written authority, that the lease was void, and that by reason thereof plaintiff should not recover against defendant. Under some circumstances, a lease so signed by an agent, where the authority of the agent to sign was not shown to be in writing, the lease would be held to be void; but under the allegations of the complaint and the issues presented in this case that the said Brennan had taken possession of said land under said lease, and that under and by virtue of such lease had raised something over 10.000 bushels of grain thereon, neither Brennan nor any one claiming under him with notice of the terms and conditions of said lease would be permitted to assert the invalidity thereof. The defendant having purchased the grain from Brennan and his subtenant, also with notice of the terms and conditions of such lease, must defend under or through Brennan's right. Whatever would estop Brennan would also estop defendant, as under such circumstances defendant would occupy no better position than

Brennan. Where a lease is void, under the statute of frauds, but where the tenant takes possession of the property leased and occupies and enjoys the benefits thereof under such void lease, he must pay the rent under the terms and conditions of the void contract. Having received the benefits under such void contract, he will be estopped from asserting the invalidity thereof. Marr v. Ray, 151 Ill. 340, 37 N. E. 1029, 26 L. R. A. 779; Taylor, Landlord & Tenant, § 80; Evans v. Winona Lumber Co.. 30 Minn. 515, 16 N. W. 404; 24 Cyc. 910; Brahn v. Forge Co., 38 N. J. Law, 74. In Marr v. Ray, supra, the rule of law established seems to be that when a tenant takes possession under a contract, void within the statute of frauds, and makes payments of rent, and the parties have proceeded to act under such void contract, the contract, so far as stipulations concerning rent, must govern the parties so long as possession is retained. In section 80, Taylor, Landlord & Tenant, the rule seems to be recognized that, though an agreement may be void under the statute, still the tenancy is to be regulated by the agreement as to the amount of the rent to be paid, and the time when the tenant is to quit, and in every other respect, except as to duration. In 24 Cyc. 910, the rule is laid down that, where a lessee has entered under his lease and occupied and enjoyed the premises, he and his assigns are alike estopped to repudiate the lease on the ground of its invalidity. In Evans v. Winona Lumber Co., supra, the rule seems to be held that, a lease though void under the statute of frauds, if the lessee goes into possession under it, it regulates the terms of the tenancy. In that case the court said: "This rule may not be logical—very likely it is not, as an original proposition—but that it is the rule established by the authorities there can be no doubt." In Braun v. Forge Co., supra, the rule is laid down that, where it was claimed that the agent who signed the lease was not authorized, it was held that, if the lessee went into possession, and the lessor subsequently adopted the lease, the tenant could not, after receiving the benefits of it, repudiate it. In the case of Ormsby v. Johnson, 24 S. D. ——, 124 N. W. 436, recently decided by this court, where a grantor in a deed had received and enjoyed the benefit of the consideration from the sale of real

estate, but the deed was void on account of the agent of such grantor not being authorized in writing to insert the grantor's name in the deed, it was held that such grantor was estopped to urge the invalidity of such deed. And in the case of Ford v. Ford, 24 S. D. 494, 124 N. W. 1108, also recently decided by this court, it was held that, where the grantor in the deed had received the full benefit of the consideration and had retained the same, he was estopped from asserting the invalidity of such deed on the ground that his wife did not join in the execution thereof.

It seems to be generally held that, where one having the right to accept or reject the transaction takes and retains the benefits thereunder, he becomes bound by the transaction and cannot avoid its obligation or effect by taking a position inconsistent therewith. Thus it has been repeatedly held that a person by the acceptance of benefits may be estopped from questioning the existence or validity of a contract. 16 Cyc. 787. This result would follow in the case at bar regardless of the question of the ratification of said lease. Hence, from the fact that Brennan took possession under said void lease (assuming that it was void) and by himself or some undertenant enjoyed the use of the premises under such lease and grew over 10,000 bushels of grain thereon, he should not be heard to say that such lease was invalid for the year 1904. Under all the authorities we have been able to find this lease was valid for at least one year— the year 1904. Appellant also claims that there is no evidence showing title in the premises to have been in N. J. Hunt at the time the lease was executed or at any other time. This is another question that neither Brennan nor his assigns nor any one claiming under him can question. 24 Cyc. 939; 18 Am. & Eng. Ency. 417. Brennan is estopped from asserting that his landlord had no title, and so are those holding under him with notice of the equities in favor of the plaintiff.

Appellant also contends that the paper purporting to ratify or approve the agency and authority of L. G. Dobbs to sign the name of N. J. Hunt to said lease was ineffectual because prior to the date of such ratification N. J. Hunt had on October 13, 1904,

conveyed and parted with all her interest in said land to plaintiff. This position is also untenable because the quitclaim deed of October 13, 1904, only transferred the title to the land, and did not transfer the right to rent already accrued and in arrears for the year ending October 1, 1904, and which rent was past due and unpaid at the date of the quitclaim deed. Notwithstanding this quitclaim deed, N. J. Hunt still retained the right to collect the rent which became due October 1, 1904, and but for the instrument of November 27, 1904, assigning her cause of action therefor to plaintiff, plaintiff could not maintain this action. Plaintiff's right to sue and recover in this action is based on the assignment of November 27, 1904, and in no manner depends on the quitclaim deed, and therefore N. J. Hunt, on the 27th day of October, 1904, still had the right to ratify the lease. A transfer of the reversion does not carry to the grantee the right to rent already accrued and in arrears. 24 Cyc. 1173; Damren v. Power Co., 91 Me. 334, 40 Atl. 63; 18 Am. & Eng. Ency. 280. The effect of the written ratification of the lease was not only to validate the same from the date of the signing thereof, but it had the effect of validating the lease from its very inception under the doctrine of relation back. 31 Cyc. 1283.

Defendant has made some 48 assignments of error, many of which relate to the reception and exclusion of evidence, and exceptions to the instructions of the court; but, after careful consideration of the whole thereof, we are of the opinion that no reversible error exists therein.

The judgment and order denying a new trial are affirmed.

HANEY, J., dissents.