## ASH CREEK STATE BANK v. CORNELIUS ZWART AND OTHERS.[1]

January 25, 1924.

No. 23,703.

**Lien of chattel mortgagee superior to right of landlord under lease.**
  The owner leased a farm for a cash rental with a provision that if the grain raised thereon should be sold or removed from the premises or should be claimed or levied upon by third parties before the rent was paid, he should have the right to enter the premises, take possession of the grain, sell it and apply the proceeds to the payment of the rent. *Held* that the lease cannot be construed as creating a chattel mortgage but only as an attempt to create a pledge; that the lessor had no lien thereunder until he took possession of the grain; and that the claim under a chattel mortgage given by the tenant before the lessor took possession was superior to the claim under the lease.

Action in replevin in the district court for Rock county to recover certain corn and oats or $1,345, the value thereof and $50 for their detention. The case was tried on stipulated facts before Nelson, J., who made findings that defendant William Van der Haar was the owner and entitled to possession of 2,100 bushels of corn, of the value of $1,041.50, and of 614 bushels of oats, of the value of $205.70. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Hansen & Engan,* for appellant.
*Canfield & Michael,* for respondents.

TAYLOR, C.
  Tom DeKoster, a resident of Iowa, owned a farm of 160 acres in Rock county, Minnesota. In October, 1918, he leased the farm to Cornelius Zwart for a term of five years, being from March 1, 1919, to March 1, 1924, for a cash rental of $1,200 per year, payable $600 on October 1 and $600 on December 1 of each year. The sixth paragraph of the lease reads as follows:

[1]Reported in 196 N. W. 935.

"And the second party further covenants not to remove any of the grain raised on said premises during the term of said lease until the rent herein specified shall be fully paid, not to sell the same or any part thereof. And if any grain raised on said premises during said term shall be removed or attempted to be removed by any person or persons before the payment of said rent; or if the second party shall sell or attempt to sell said grain or produce or any part thereof, or if the same or any part thereof shall be claimed or attached or levied upon by execution or claimed by any other person or persons upon any pretense whatever before said rent shall be fully paid then upon the happening of any such contingencies said rent shall immediately become due and payable, and the first party, or his legal representatives, shall have the right to enter into said premises and take possession of said grain, or wherever the same may be found, and to remove the same and sell the same or any part thereof, or if the same shall not be sufficiently matured for harvesting or gathering, to cultivate the same and preserve or protect the same until it shall be fit, and then to harvest or gather or sell the same, or any part thereof, at private or public sale, and to apply the proceeds thereof to the payment of the expenses and costs of carrying out the provisions of this lease, and the payment of said rent hereby reserved."

The lease was filed in the office of the register of deeds in February, 1921. In July, 1921, Zwart executed to plaintiff a chattel mortgage upon the crop to be grown on the land in the season of 1922. In April, 1922, Zwart executed to plaintiff another chattel mortgage on the same crop. Both were duly filed. Zwart failed to pay the rent for the year 1922, and in January, 1923, DeKoster, claiming that his lease gave him the right so to do, took possession of 2,260 bushels of corn and 614 bushels of oats raised on the land in the season of 1922, and caused the same to be sold in the manner provided by the law governing the foreclosure of chattel mortgages. At the sale defendant Van der Haar purchased part of the grain and defendant Fikse purchased the remainder. Plaintiff brought this action in replevin to recover possession of the grain. The case was submitted to the court on a stipulated statement of facts. The

court found that defendants Van der Haar and Fikse were the owners of the respective quantities of grain purchased by them at the sale, and rendered judgment to that effect. Plaintiff appealed.

The primary question is whether DeKoster had a lien on the crop prior to the time that plaintiff obtained and filed its chattel mortgages. Unless he did, plaintiff is entitled to recover the grain. It is stipulated that DeKoster resided in Iowa and executed the lease in that state and that the laws of Iowa give a landlord a statutory lien upon crops raised on leased premises as security for his rent. The lease seems to be a form in use in Iowa, and its provisions would doubtless enable the lessor to secure and enforce his rights under the lien created by the Iowa statute. But that statute does not apply in Minnesota and, unless the lease by its terms created a present lien on the crop, DeKoster had none at the time the rights under the chattel mortgages attached.

Defendants contend that the subdivision of the lease above quoted amounts to, and in effect is, a chattel mortgage upon the crop. A chattel mortgage transfers the title as security. But where a party is given or reserves the title to personal property as security, or is given a lien thereon, and it appears that the parties intended the transaction to operate as a mortgage, it may be given effect as such although the intention of the parties is not aptly expressed. Merrill v. Ressler, 37 Minn. 82, 33 N. W. 117, 5 Am. St. 822; Wright v. Larson, 51 Minn. 321, 53 N. W. 712, 38 Am. St. 504; Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617; Anderson v. Liston, 69 Minn. 82, 72 N. W. 52; McNeal v. Rider, 79 Minn. 153, 81 N. W. 830, 79 Am. St. 437; Ward v. Rippe, 93 Minn. 36, 100 N. W. 386; Agne v. Skewis-Moen Co. 98 Minn. 32, 107 N. W. 415.

Here the title to the crop was in the lessee. The lease did not purport to vest title in the lessor, nor to give him a present lien or present security of any sort. It contains no language which can fairly be construed as creating or intending to create a chattel mortgage. It contains a covenant on the part of the lessee not to sell the grain or remove it from the premises until the rent is fully paid. This is followed by a provision that if any of the grain is sold or removed or shall be claimed or levied upon by any other person be-

fore the rent has been paid, the rent shall immediately become due and payable, and that the lessor shall, thereupon, have the right to enter upon the premises and take possession of and sell the grain and apply the proceeds in payment of his rent. The right to take the grain and appropriate it to the payment of the rent is conditional upon the happening of some one or more of the contingencies named, and even in that event is merely an optional remedy. It is in the nature of the right to distrain for rent given by the common law. But the right to distrain gave the landlord no lien upon the property of his tenant until he had actually taken possession of it. 18 Am. & Eng. Enc. 327. At common law the landlord could seize any chattels found on the premises whether owned by the tenant or by third parties. This right, however, was subject to several exceptions and has been entirely abrogated by the statute which abolished distress for rent. G. S. 1913, § 6806.

The provision in question, although not amounting to a chattel mortgage, may perhaps be construed as creating, or at least as an attempt to create, a pledge. But it is elementary that a pledge is of no force or effect, at least as against third parties, until the pledgee takes possession of the property. 2 Dunnell, Minn. Dig. § 7740; 22 Am. & Eng. Enc. 853. It is clear that DeKoster had no lien on the grain until he took possession of it, and, as this was long after it had been mortgaged to plaintiff, his rights and the rights of those claiming under him were inferior and subordinate to the rights of the plaintiff under its chattel mortgages. It may be proper to add that it appears from the stipulation that plaintiff's mortgages were given for a valid indebtedness which largely exceeds in amount the value of the grain in controversy. The conclusion reached on this branch of the case renders it unnecessary to consider the other points urged by plaintiff. The judgment is reversed and judgment will be rendered for plaintiff.