(January 2, 1925.)

## P. L. SMITH, Respondent, v. WASHBURN–WILSON SEED COMPANY, a Corporation, Appellant.

[232 Pac. 574.]

CLAIM AND DELIVERY—RIGHT TO POSSESSION—TITLE—CHATTEL MORTGAGE—LEASE—BAILMENT—QUESTIONS OF FACT—INSTRUCTIONS.

1. Provision contained in lease examined and *held* to constitute a chattel mortgage.

2. Contract whereby one party was to raise a crop of peas from seed furnished by the other party, the crop to be sold to the latter at a certain specified price, examined and *held* to be a contract of bailment.

3. In an action in claim and delivery the controlling question is the right to possession of the property and not necessarily the title.

4. A chattel mortgagee may waive his mortgage lien, or be estopped to enforce it, by conduct inconsistent with its existence.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action in claim and delivery. Judgment for plaintiff. *Reversed and remanded for new trial.*

A. H. Oversmith, for Appellant.

The contract of appellant with respondent's lessee is a contract of bailment and all of the peas grown under the contract belong to the appellant. (*D. M. Ferry & Co. v. Smith,* 36 Ida. 67, 209 Pac. 1066; *D. M. Ferry & Co. v. Forquer,* 61 Mont. 336, 29 A. L. R. 642, 202 Pac. 193.)

Title to crops under lease usually vests in the lessee as an incident of the lease and a reservation of title in the lessor is in the nature of a chattel mortgage and must be filed in order to become operative. (*Ferguson v. Murphy,* 117 Cal. 134, 48 Pac. 1018; *Kelley v. Goodwin,* 95 Me. 538, 50 Atl. 711; *McNeil v. Rider,* 79 Minn. 153, 79 Am. St. 437, 81 N. W. 830; *Johnson v. Crofoot,* 53 Barb. (N. Y.) 574; *Betsinger v. Schuyler,* 46 Hun (N. Y.), 349, 12 N. Y. St. Rep. 377; *Stockton Savings & Loan Soc. v. Purvis,* 112 Cal. 236, 53 Am. St. 210, 44 Pac. 561; *Lemon v. Wolff,* 121 Cal. 272, 53 Pac. 801; *Wright v. Larson,* 53 Minn. 321, 38 Am. St. 504, 53 N. W. 712; *Ward v. Rippe,* 93 Minn. 36, 100 N. W. 386; *Agne v. Skewis-Moen Co.,* 98 Minn. 32, 107 N. W. 415; *Summerville v. Stockton Milling Co.,* 142 Cal. 529, 76 Pac. 243; note, 14 A. L. R. 1362; *Farnum v. Hefner,* 79 Cal. 575, 12 Am. St. 174, 21 Pac. 955.)

Where lessee agrees to raise crops and to deliver to lessor a share thereof as rental such share measured in crops is the amount of rental to be paid and the lessor has no title

Publisher's Note.

3. Title necessary to support replevin, see note in 1 Ann. Cas. 948.

to such share or lien thereon.   The lessee's sole remedy is to sue upon the breach of the contract if·lessee fails to deliver the landlord's share.   (*Imperial Valley Milling Co. v. Globe Milling Co.,* 187 Cal. 352, 202 Pac. 129.)

There being no division of the peas in question between the landlord and the tenant, the landlord could acquire no title to any part of the peas until division was made. (*Eaves v. Sheppard,* 17 Ida. 268, 134 Am. St. 256, 105 Pac. 407.)

As between the parties a contract between lessor and lessee is binding where the lessor provides in the lease that the entire crop is to remain his until division.   (*Summerville v. Stockton Milling Co., supra.*)

F. C. Keane, for Respondent.

A reservation of ownership of the crop in the landlord under written lease has the effect of vesting the landlord's share of the crop in him and is not in the nature of a chattel mortgage.   (*McNeil v. Rider,* 79 Minn. 153, 79 Am. St. 437, 81 N. W. 830; *Wright v. Larson,* 53 Minn. 321, 38 Am. St. 504, 53 N. W. 712; *Anderson v. Liston,* 69 Minn. 82, 72 N. W. 52.)

Written leases may be so framed as to vest the title to the landlord's share of crops in the landlord.   (*Howell v. Foster,* 65 Cal. 169, 3 Pac. 647; *Wentworth v. Miller,* 53 Cal. 9; *Merchants' State Bank v. Sawyer etc. Co-operative Assn.,* 47 N. D. 375, 14 A. L. R. 1353, 182 N. W. 263; *Angell v. Egger,* 6 N. D. 391, 71 N. W. 547.)

The possession of the tenant is the possession of the landlord and is constructive notice to third persons of the title of the landlord.   (24 Cyc. 924; *McFadden v. Thorpe Elevator Co.,* 18 N. D. 93, 118 N. W. 242; *Dobbs v. Atlas Elevator Co.,* 25 S. D. 177, 126 N. W. 250.)

Knowledge of the fact that tenant was renting on shares is sufficient to put third persons on inquiry concerning existence of lease reserving title in lessor.   (*Wood v. Price,* 79 N. J. Eq. 620, Ann. Cas. 1913A, 1210, 81 Atl. 983, 38

L. R. A., N. S., 772; *Dutton v. Warschauer*, 21 Cal. 609, 82 Am. Dec. 765.)

BUDGE, J.—On January 8, 1921, respondent and his wife leased certain lands in Latah county to their son, M. L. Smith, by written lease, for the term of three years beginning November 1, 1920. Among other things the lease contained the following clause:

"It is further covenanted and agreed that the title to all of the products from said premises shall be and remain in the first party until such time as said first party shall have received his full share or portion thereof."

Under the terms of the lease respondent was to receive one-third of the products of the premises. The lease contained a further stipulation that the lessee should not mortgage or dispose of any part of the products of the premises to the prejudice of the lessor and that no liens should be filed for work or labor done on the premises or on the products raised thereon. The lessee went into possession but the lease was never recorded. On April 1, 1922, the lessee entered into a written contract with appellant to grow seed peas on the leased premises. Appellant furnished the seed under the terms of its contract, the same was planted, the crop was grown and harvested and was delivered to appellant's warehouse according to the terms of the contract. The contract contained the following clause:

"That said seed stocks and the crops therefrom shall be and remain at all times the property of Washburn-Wilson Seed Co., and I will in nowise dispose of any portion of them except as provided in this contract, and should the crop through any legal process or any other cause pass from my control, the Washburn-Wilson Seed Co., may take possession of same wherever found."

As between the lessor and the lessee there was no division of the crop. Before the peas were matured appellant paid $600 to the lessee on the same and later was called upon to discharge certain labor liens and other encumbrances by reason of which appellant paid to the lessee $195 more than

the contract price agreed to be paid for the peas. Respondent made no claim for any part of the peas until after the labor liens were filed, paid and discharged and we think it is clear from the record that respondent knew all about the contract entered into between the lessee and appellant. After the peas were delivered and cleaned, respondent made a demand for one-third of the crop or in lieu thereof the value of the same, which demand appellant refused to comply with. Respondent thereupon, on October 28, 1922, commenced this action in claim and delivery. To the complaint an answer was filed denying the material allegations of the complaint and setting out therein certain affirmative defenses. Upon the issues thus framed the cause was tried to the court and a jury. At the close of respondent's case and at the close of all the testimony, respectively, motions for nonsuit were made and overruled by the court. A verdict was rendered in favor of respondent for $604.01 upon which judgment was duly entered. This appeal is from the judgment.

Eight assignments of error are specified and relied upon by appellant. However, we shall discuss only the sixth assignment of error, which to our minds is decisive of this appeal. This assignment is predicated upon the action of the court in giving to the jury the following instruction:

"It is the rule of law that the holder of the title must prevail, and, under the evidence in this case, the court instructs you that your verdict should be in favor of the plaintiff."

From subsequent remarks made by the court we presume that it meant by this instruction to say that the holder of the title to the peas in controversy, namely, the one-third of the crop, must prevail; that respondent was the holder of the title and was entitled to recover. With this instruction we are not in accord. This action is one in claim and delivery. Primarily the right to possession and not necessarily the title to the property is the controlling question. One may have title and still not have the right to possession, and conversely, one may have the right to possession with-

out title. The right to possession in the instant case depends upon the intention of the parties, which intention must be determined from the terms of the contract, from all of the facts and circumstances connected with or surrounding the transactions and the conduct of the parties. One of the clauses contained in the lease is as follows:

"It is further covenanted and agreed that the title to all of the products from said premises shall be and remain in the first party until such time as said first party shall have received his full share or portion thereof."

This clause in the contract constituted a chattel mortgage (*Ferguson v. Murphy,* 117 Cal. 134, 48 Pac. 1018; *Kelley v. Goodwin,* 95 Me. 538, 50 Atl. 711; *McNeal v. Rider,* 79 Minn. 153, 79 Am. St. 437, 81 N. W. 830; *Agne v. Skewis-Moen Co.,* 98 Minn. 32, 107 N. W. 415; *Ward v. Rippe,* 93 Minn. 36, 100 N. W. 386; *Betsinger v. Schuyler,* 46 Hun (N. Y.), 349; *Johnson v. Crofoot,* 53 Barb. (N. Y.) 574), and was binding upon the parties thereto and third persons having notice thereof, although not recorded. The contract between respondent's lessee and appellant was a contract of bailment. (*D. M. Ferry & Co. v. Smith,* 36 Ida. 67, 209 Pac. 1066; *D. M. Ferry & Co. v. Forquer,* 61 Mont. 336, 29 A. L. R. 642, 202 Pac. 193.)

In order to arrive at a proper determination of this case it becomes necessary to determine from the written contracts just what the intention of the parties was. Both instruments were secret, neither having been recorded. Secret liens are not favored by courts and will be closely scrutinized. Appellant was not required under the statutes to record its contract while respondent was, in order to make the same binding upon third parties without notice, if respondent intended to take advantage of that provision of his contract which we have construed as a chattel mortgage. If it was the intention of appellant to contract with respondent's lessee subject to the terms of the lease, and particularly that portion which we construe to be a chattel mortgage, thereby waiving any claim to one-third of the crop grown upon the premises, it might do so. Its action

in this respect would be governed by its knowledge of the terms of the written lease. Whether it had such knowledge or not was a question of fact which should have been submitted to the jury. On the other hand, whether respondent knew of the terms of the contract between appellant and the lessee would also be a proper question for the jury. If they both knew the terms of the other's contract appellant would be bound by the terms of the chattel mortgage unless respondent by his acts and conduct waived his lien.

"A chattel mortgagee may waive his mortgage lien, or be estopped to enforce it, by conduct inconsistent with its existence." (11 Corpus Juris, 674, sec. 441.)

The court's instruction took away from the jury every issue raised by the pleadings and sought to be established upon the trial, except the sole question of the value of the one-third of the crop. In so doing we think it committed reversible error. It follows that the judgment should be reversed and a new trial granted and it is so ordered. Costs are awarded to appellant.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.