ST. PAUL ELECTRIC COMPANY v. BALDWIN ENGINEERING
COMPANY AND OTHERS.
HARTFORD ACCIDENT & INDEMNITY COMPANY,
APPELLANT.[1]

April 25, 1924.

No. 23,902.

**Unrecorded mortgage not notice to person without actual knowledge.**
   1. A real estate mortgage, filed (like a chattel mortgage) in the office of the register of deeds but not recorded, is not notice to those who do not have actual knowledge.

**Electric power line on highway is personal property.**
   2. An electric power line located on the highway and not a part of a real estate plant is personal property.

**Material liens on new power line superior to general mortgage lien.**
   3. A chattel mortgage upon a power line, not yet in existence, can only attach itself to such property in the condition in which it comes into the mortgagor's hands. Where there are liens for materials used to bring the property into existence, they are superior to the general mortgage lien, even though they be junior to it in point of time.

Action in the district court for Washington county to foreclose certain liens for material furnished in the construction of an electric power and transmission line. The case was tried before Searles, J., who made findings and ordered judgment in favor of plaintiff, and

[1]Reported in 199 N. W. 9.

in favor of the Northwestern Electric Equipment Company. From the judgment in favor of plaintiff for $6,690.53 and in favor of defendant Northwestern Electric Equipment Company for $2,513.28, including attorneys' fee of each company, the Hartford Accident & Indemnity Company appealed. Affirmed.

*Sexton, Mordaunt & Kennedy,* for appellant.

*Briggs, Weyl & Briggs* and *Morphy, Bradford & Cummins,* for respondents.

WILSON, C. J.

This is an action to foreclose certain liens against a power line located in Washington and Chisago counties in the state of Minnesota, belonging to the Baldwin Engineering Company, and extending from the village of Lindstrom to the village limits of Marine. The Hartford Accident & Indemnity Company, the appellant, holds a mortgage upon the power line.

On December 12, 1921, the Baldwin Engineering Company made a contract with the village of Marine for the erection and building of an electrical supply line from Lindstrom to Marine. A bond in the form of the statutory public contractor's bond was furnished on March 24, 1922, with the appellant as surety thereon. This bond was in the usual form, and, in part, said: "For the faithful performance of said contract and for the use of all persons furnishing work, labor, services and materials." In connection with signing such bond, and for its own protection, appellant on March 24, 1922, procured from the Baldwin Engineering Company a mortgage by the terms of which there was conveyed to appellant "the electric light plant and system of electrical transmission to be constructed, and all equity in said plant and electrical transmission, which the party of the first part may hereafter and in the future acquire." This mortgage was never recorded, but was filed in the office of the register of deeds in Chisago county on April 3, 1922, and in the office of the register of deeds of Washington county on March 21, 1922, these being the counties through which the line was proposed to be built and where it actually was built.

The St. Paul Electric Company sold to the Baldwin Engineering Company between April 22, 1922, and August 31, 1922, wire, poles and equipment for this project of the value of $6,090.53, which has not been paid. On October 12, 1922, it filed in the office of the secretary of state, a claim of lien. Sections 7022, 7023, G. S. 1913. It brought this action to foreclose this lien and it made the Northwestern Electric Equipment Company a defendant, because it had also filed on October 13, 1922, in the same office, a claim of lien for materials, supplies and electrical equipment which it had sold for the same project to the Baldwin Engineering Company in the sum of $2,863.28 between May 18, 1922, and July 31, 1922. These two lienholders sought to foreclose their liens, and the appellant claimed its mortgage to be prior to the liens. The court held against appellant and in favor of the two lienholders. Appellant has appealed from the judgment.

Two questions are presented: (1) Is this mortgaged property real or personal? (2) Is the mortgage prior to the liens?

1. If the mortgaged property is real estate, then the mortgage would be inferior to the liens because it was not recorded so as to be notice to the lienholders who had no actual knowledge of its existence.

Considerable difficulty has been experienced by the courts in determining whether electric appliances are real or personal property. Decisions cannot be entirely reconciled. Each particular case is governed largely by its own facts and not by a general rule. Variations in particular statutes sought to be construed, help to account for apparently contradictory decisions. Curtis, Law of Electricity, § 13; Jones, Tel. & Tel. Companies, § 24. Such property as here involved, when attached to real estate, may well be classed as real property upon the theory that it is an appurtenance thereto. Badger Lumber Co. v. Marion Water Supply, 48 Kan. 182, 29 Pac. 476, 15 L. R. A. 652, 30 Am. St. 301. Our statute gives a lien upon this specific kind of property without classifying the property as real or personal. One of the essentials of a mortgage upon real estate is real property to which it may attach. Here there is none. The right of way is given by statute. Section 6247, G. S. 1913. This

was not an exclusive right, but was a statutory permission to use the highway. If there was a right of way the mortgage did not cover it. Clearly this property in this case was personal property, and the mortgage must be treated as a chattel mortgage.

2. Prior to the furnishing of such materials as were furnished by respondents, there was no property upon which the mortgage could become effective. It was a mortgage of property not yet in existence—it was property which appellant by its bond of indemnity practically agreed to bring into existence. It was the duty of appellant under its bond to see to it that this property came into existence. Aided by the materials contributed by respondents, this property did come into existence. Respondents were entitled to their liens which they filed. When this property came into existence it was encumbered by the lien claims of the respondents. State v. Anderson, infra page ——. The interest of Baldwin Engineering Company in this property when it came into existence, was subject to these liens and their enforcement. The mortgage was given to appellant to protect it from loss resulting from its having to pay just such claims as these lien claims. Respondents are within the class of persons for whom the appellant executed the bond. Most assuredly when appellant pays these liens, it can enforce its mortgage, but it would be a travesty on justice to permit appellant to subordinate these liens to its mortgage and, perchance, prevent a collection of the sums due by a foreclosure of the liens, under the statute, while appellant stands in default by failing to pay these liens as it had assumed to do by its bond. Appellant cannot claim such priority to defeat these liens.

Aside from this unusual situation, however, and reverting to the statement above made, a mortgage made to cover after acquired property or property to be brought into existence, can only attach itself to such property in the condition in which it comes into the mortgagor's hands. Here the mortgagor acquired this property subject to the liens of respondents. The general mortgage cannot displace these liens, even though they be junior to it in point of time. United States v. New Orleans Railroad, 79 U. S. 362, 20 L. ed. 434; 5 R. C. L. 403; 11 C. J. 442; Fosdick v. Schall, 99 U. S.

235, 25 L. ed. 339; McGourkey v. T. & O. C. Ry. Co. 146 U. S. 536, 552, 13 Sup. Ct. 170, 36 L. ed. 1079; Tippett & Wood v. Barham, 180 Fed. 76, 103 C. C. A. 430, 37 L. R. A. (N. S.) 119; Cent. Imp. Co. v. Cambria Steel Co. 201 Fed. 811, 120 C. C. A. 121; Bear Lake & River Water W. & I. Co. v. Garland, 164 U. S. 1, 16, 17 Sup. Ct. 7, 41 L. ed. 327.

Such mortgages on future acquired are based upon the equity rule and are recognized in this state. Ludlum v. Rothschild, 41 Minn. 218, 43 N. W. 137; Hogan v. Atlantic Elevator Co. 66 Minn. 344, 69 N. W. 1. It logically follows that such mortgages must be inferior to liens that exist when the property comes into existence, and that the mortgagee cannot have a mortgage on an interest greater than that which the mortgagor acquires. When material is furnished to produce the thing upon which a lien is claimed, the lien given therefor by law should not be inferior to the general lien which cannot attach until the thing is produced or brought into existence. Sheeks-Stephens Store Co. v. Richardson, 76 Ark. 282, 88 S. W. 983.

Order affirmed.