CITIZENS NATIONAL BANK OF SISSETON, Respondent, v. MILLER (FIRST NATIONAL BANK OF ROSHOLT, Appellant.)

CITIZENS NATIONAL BANK OF SISSETON, Respondent, v. MILLER (FARMERS SECURITY STATE BANK OF ROSHOLT, Appellant.)

(199 N. W. 965.)

(File Nos. 5546, 5547.  Opinion filed September 3, 1924.)

1.   Appeal and Error—Findings—Trial Court's Findings Not Disturbed, Where Not Clearly Contrary to Preponderance of Evidence.

Trial court's findings on motion to dissolve attachment should not be disturbed, where not clearly contrary to preponderance of evidence.

2.  **Attachment—Judgment Creditors Held Not to Have Moved with
    Reasonable Promptness to Dissolve Attachment.**
        Parties recovering judgments on December 13, 1922, and
    January 20, 1923, and not moving to dissolve an attachment
    against the judgment debtor, which was merged in a judgment
    on July 2, 1923, until September 12, 1923, moved too late,
    in view of Rev. Code 1919, Sec. 2448, requiring moving parties
    to act with reasonable promptness.

Appeals from Circuit Court, Roberts County; Hon. Robert D. Gardner, Judge.

Action by the Citizens' National Bank of Sisseton against Rudolph Miller. From orders refusing to dissolve an attachment, the First National Bank of Rosholt and the Farmers' Security State Bank of Rosholt separately appeal. Orders affirmed.

*Campbell & Fletcher,* of Aberdeen, and *Houston & McDonald,* of Wheaton, for Appellants.

*J. W. Barrington,* of Sisseton, for Respondent.

(2) To point two of the opinion, Respondent cited: 6 C. J. 442; 4 Cyc. 625; 54 N. W. 1118; 57 N. W. 161; 61 N. W. 620; 83 Pac. 870; Lincoln Upholstering Co. v. Baker (Neb.), 118 N. W. 321; Stillman v. Hammer (Kan.), 78 Pac. 836; Shinn on Attachment, Sec. 323.

GATES, J. The appeals in these cases are from orders refusing to dissolve an attachment. No personal property being found, the attachment was levied upon real estate of defendant Miller on September 14, 1922, on behalf of plaintiff, Citizens' National Bank, at the time this action was begun. The defendant answered, but subsequently withdrew his answer, and on July 2, 1923, judgment was entered for plaintiff. On December 13, 1922, a judgment was entered in the same court in favor of the plaintiff in an action wherein the appellant Farmers' Security State Bank was plaintiff and this defendant was defendant. On January 20, 1923, a judgment was entered in said court in favor of the plaintiff in an action wherein the appellant First International Bank, was plaintiff and this defendant was defendant. On September 12, 1923, and after the lien of the attachment in this case had become merged into the lien of the judgment, the two appellant banks moved to dissolve the attachment, which motions were denied. Therefrom the aggrieved banks separately appealed.

[1]   The grounds for the attachment were those set forth in the fifth and sixth subdivisions of section 2432, Rev. Code 1919. The evidence produced at the hearing of the motions to dissolve was conflictng as to both grounds.  We cannot say from a careful consideration of the respective affidavits that the refusal of the trial court was clearly contrary to the preponderance of the evidence.  Trebilcock v. Big Missouri Min. Co., 9 S. D. 206, 68 N. W. 330.  Therefore the action of the trial court should not be disturbed.

[2]   We think that the action of the trial court should also be sustained upon another ground, viz., that the moving parties did not act timely.  Section 2448, Rev. Code 1919, provides:

"The defendant or any person who has acquired a lien upon or interest in the defendant's property after it was attached may move upon notice to dissolve the attachment.  *  *  * "

We have examined the statutes of many other states upon this subject but find none precisely like ours.  While it does not expressly place a limit upon the time when the motion to dissolve may be made, a reasonable construction of it should require the moving party to act with reasonable promptness.  Manifestly, the principal defendant would not have been heard upon a motion to dissolve the attachment made after the lien of the attachment had become merged in the lien of the judgment.  6 C. J. 442; 2 R. C. L. 871.  We can conceive where the application of that rule to others in all cases might work an injustice, viz., to creditors who acquired liens upon, or to persons who acquired an interest in, the attached property shortly before the merger.  Perhaps in those cases the rule should not be applied.  But here the appellant banks had from December 13, 1922, and January 20, 1923, respectively, until July 2, 1923, within which to move to dissolve.  They did not avail themselves of the opportunity until September 12, 1923. We think they moved too late.  Shinn on Attachment, § 323.

The orders appealed from are affirmed.

Note.—Reported in 199 N. W. 965.  See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1024(2), 4 C. J. Sec. 2831; (2) Attachment, Key-No. 241, 6 C. J. Sec. 1025.