## FIRST NATIONAL BANK OF MOORHEAD v. ST. ANTHONY & DAKOTA ELEVATOR COMPANY AND ANOTHER. L. J. BOWMAN, INTERVENER.[1]

June 10, 1927.

No. 25,980.

**Cropper's lease construed.**
1. The form of contract between a landowner and a cropper in common use in this state makes them co-owners of the crops until they are divided. The cropper may mortgage his interest before the crops are divided. A provision authorizing the landowner to retain possession of the cropper's share as security for his indebtedness is in legal effect a chattel mortgage.

**Lien of landowner on crops to be grown.**
2. Except as security for rent or the purchase price of the land, the landowner cannot acquire a valid lien on crops to be grown later than the season beginning on May 1 next following the date of the contract.

**What constitutes the contract after modification of separable part.**
3. A modification of a subordinate and separable part of a contract does not effect a cancelation or avoidance of the whole contract. When, by consent of the parties, a contract is thus modified, it consists thereafter of the new terms and the old ones which remain unchanged.

**Inadvertent computation of court is not ground for reversal.**
4. The inadvertent failure of the court to include a small item in

[1]Reported in 214 N. W. 288.

computing the amount due to the prevailing party is not ground for a reversal. Application should be made to the trial court for the correction of the error.

**Landlord must account to tenant when he retains more than his share of crop.**
    5. If, without the consent of the cropper, the landowner retains more than his share of the crops, he must account therefor and cannot apply the value thereof on the unsecured indebtedness of the cropper.

Appeal and Error, 3 C. J. p. 881 n. 25.
Contracts, 13 C. J. p. 595 n. 61, 62; p. 596 n. 63.
Landlord and Tenant, 36 C. J. p. 699 n. 37; p. 705 n. 18; p. 709 n. 13, 18 New; p. 712 n. 81.

The defendant and the intervener appealed from an order of the district court for Clay county, Roeser, J., denying their motion for a new trial. Affirmed.

*Libby & Harris* and *C. G. Dosland,* for appellants.
*Edgar E. Sharp,* for respondent.

LEES, C.

This is an action to recover damages for the conversion of a quantity of wheat. The court found in plaintiff's favor, denied a motion for a new trial, and the defendant and the intervener have joined in an appeal.

In December, 1922, intervener entered into a contract with one Leiseth for the operation of intervener's farm from March 1, 1923, to March 1, 1926. In form the contract was not materially different from the one involved in Clark v. Cargill Elev. Co. 158 Minn. 429, 197 N. W. 845, and in the cases cited there. It provided that the intervener should have and retain possession of all produce of the farm until final settlement with Leiseth and that he might hold enough of the produce to repay any of Leiseth's indebtedness to him. Leiseth operated the farm during the seasons of 1923 and 1924. By mutual consent, the parties terminated the contract in the spring of 1925. In October, 1924, Leiseth gave the plaintiff a chattel mort-

gage on his share of the wheat then in storage in defendant's elevator at Borup. The chattel mortgage was duly filed. The contract between the intervener and Leiseth was never filed, but plaintiff had actual knowledge of its existence and contents. The defendant sold the wheat and turned the money over to the intervener. This is the act charged as a conversion. The intervener filed a complaint in intervention claiming a paramount lien on the wheat for more than the amount for which it was sold.

Among other things, the court found that at the close of the farming season of 1923 the accounts between Leiseth and the intervener were fully settled and adjusted except for a balance of $5.47 due from Leiseth, which was carried over for adjustment in the following year; that in the spring of 1924 the contract was modified by providing that Leiseth should furnish the seed wheat and should receive two-thirds of the crop instead of one-half as originally provided in the contract; that plaintiff's mortgage was given to secure a debt of $2,500 owing by Leiseth; that the defendant had notice of plaintiff's mortgage before it sold the wheat; that the lien of the intervener on the wheat was limited to the expense of hauling the 1924 crop to the elevator, which should have been borne by Leiseth, the balance due from Leiseth on the settlement of 1923, and unpaid rent for 1924. Deducting the first and last items from the amount for which the wheat sold, the court struck a balance and directed the entry of judgment therefor in plaintiff's favor.

It was shown that Leiseth was indebted to intervener on a note of $500 which fell due November 10, 1924. The evidence shows that the note was surrendered to Leiseth in December, 1924, when he made a settlement of some sort with the intervener. It has not been paid unless the intervener may retain the money he received from defendant on the sale of the wheat. Damages for Leiseth's alleged failure to plow as much of the land as the contract required and for injuries to the improvements on the farm were claimed by the intervener but disallowed.

[1] This court has repeatedly held that an ordinary contract for the cultivation of a farm on shares makes the landowner and the

cropper co-owners of the crops until there has been a division thereof; that the cropper, before a division is had, may mortgage his interest in the crop subject to the landowner's rights as fixed by the terms of the contract; and that the usual provision in such contracts authorizing the landowner to retain possession of the cropper's share as security for his indebtedness is in legal effect a chattel mortgage. McNeal v. Rider, 79 Minn. 153, 81 N. W. 830, 79 Am. St. 437; Denison v. Sawyer, 95 Minn. 417, 104 N. W. 305; Clark v. Cargill Elev. Co. 158 Minn. 429, 197 N. W. 845. Other cases of like import are cited in Clark v. Cargill Elev. Co.

[2] The application of these rules leads to the conclusion that, in so far as the intervener's claim is based on the indebtedness represented by Leiseth's note, he has no better right to the wheat than he would have had under a chattel mortgage taken in December, 1922, on crops to be raised in 1924. Such a mortgage would be void by reason of G. S. 1923, § 8359, reading:

"Any provision in a mortgage on crops which by its terms shall mortgage or convey any crop to be grown later than during the season beginning May 1 next following the date thereof shall be void, except when the mortgage is given to secure a part or all of the purchase price or rent of the land upon which such crop is to be grown, but such provision shall not affect the validity of any other stipulation or provision of the mortgage."

It must therefore be held that plaintiff had a right to so much of the proceeds of the sale of the wheat as exceeded the amounts due to the intervener for rent and the expense of hauling the 1924 crop to market.

[3] But it is argued that the original contract was done away with when it was modified in the spring of 1924 and a new contract substituted giving the intervener a valid mortgage on the crops produced in 1924.

But one provision of the contract was modified; otherwise it was unchanged. Leiseth was to furnish the seed wheat and have two-thirds instead of one-half of the crop.

We take it to be the rule that when a contract is modified by consent of the parties it consists thereafter of the new terms and of all of the old ones which were not changed, and that a subordinate and separable part of a contract may always be modified by the parties without a cancelation or avoidance of the whole contract. Davis v. Commonwealth, 164 Mass. 241, 41 N. E. 292, 30 L. R. A. 743. That is all the parties did here. They merely modified a subordinate provision of the contract. Such a modification does not supplant the original contract. The rights of the parties are still determined by its provisions in so far as the new terms are not inconsistent with those found in the original contract. 4 Page, Contracts, § 2491; 2 Clark, N. Y. Law of Contracts, § 794. The intervener had no lien on the crops except that which he obtained at the time of the execution of the contract in 1922.

[4] The court inadvertently failed to include the small balance of unpaid rent for 1923 in stating the account between Leiseth and the intervener. The omission is not ground for a reversal. Fithian v. Weidenborner, 72 Minn. 331, 75 N. W. 380. Undoubtedly it would have been corrected if the court's attention had been specifically called to it. The intervener will be at liberty to apply to the court below to have the error corrected before judgment is entered.

[5] The intervener got more oats and barley than he had a right to take and hold. The trial court deducted the value thereof from the intervener's share of the proceeds of the sale of the wheat. It is urged that this was error because the intervener had the right to apply the same on Leiseth's unsecured indebtedness to him. We cannot so hold. The oats and barley were divided on the farm. A memorandum prepared by the intervener and introduced in evidence shows that he got more than his share. It does not appear that Leiseth voluntarily turned over or intended to turn over more than the proper amount. To sustain the contention would accomplish the same result as though the intervener had held a valid mortgage on Leiseth's share of the 1924 crops.

Whether other claims made by intervener should have been allowed presented questions of fact upon which the court found against

him. The evidence sustains these findings and that is the end of the matter. There are no other points which need be discussed.

The order denying a new trial is affirmed.