## MASSEY-HARRIS HARVESTER COMPANY, INC. v. MOORHEAD FARMERS ELEVATOR COMPANY AND ANOTHER.[1]

December 21, 1928.

No. 26,942.

*Christian G. Dosland* and *Goodwin LeRoy Dosland,* for appellant.
*Henry C. Stiening* and *F. H. Peterson,* for respondents.

WILSON, C. J.

Plaintiff appealed from an order denying its motion for a new trial.

One Brown was indebted to plaintiff. On January 22, 1926, he gave plaintiff a renewal note secured by a chattel mortgage on the crops to be grown in 1926 upon a certain quarter section of land

[1]Reported in 222 N. W. 571.

owned by defendant Norman Land Company. Brown did not live on the land and did not then have any lease for the season of 1926. When he gave the note and chattel mortgage he told plaintiff that he had no lease and that if he got one the crops would have to stand as security for rent and seed and whatever was left could stand as security to plaintiff's debt.

On February 11, 1926, Brown leased the land for 1926 for $300 cash rent due September 1, 1926. The lease also called for the payment of $352.85 back rent for 1925. It contained this provision:

"And as security for said payments, the title to and ownership of all crops raised and harvested upon said premises during said term shall be and remain in said owner until said sum of $652.85 is paid. This instrument is to be construed for all intents and purposes a chattel mortgage upon said crops securing said unpaid rental."

Plaintiff's mortgage was promptly filed. The lease was not. Brown gave a seed grain note to the Moorhead National Bank for seed which was sown, and the resulting crop was sold to defendant elevator company for $538, which gave its check for this amount payable to the bank, Brown and the Norman Land Company. We will assume that the seed grain note was not filed.

Plaintiff sued the defendants in conversion to recover sufficient to pay its claim of about $240.15. The court found that plaintiff was not the owner of the grain and could not recover.

Plaintiff's mortgage attached as a lien only on the interest which the mortgagor had in the crops when they came into being. State Bank of Stephen v. Farmers Grain Co. 174 Minn. 531, 219 N. W. 871. The mortgagor's interest in the crops when they came into being was subject to the claim for rent and for the seed grain. Without this help he might not have had any crops. Brown had therein only a qualified title, which was all he could mortgage. Plaintiff knew this. But plaintiff claims that it is first by virtue of the recording act. The object of the statute is to protect good faith subsequent purchasers and mortgagees. Constructive notice is that which the law imputes to one regardless of his knowledge. But if he has actual notice of the facts, or of such facts as would naturally lead a

reasonably prudent person to make inquiry, which charges him with all knowledge such inquiry would have obtained, he cannot invoke the statute because he is not then entitled to its protection. Tolbert v. Horton, 31 Minn. 518, 18 N. W. 647; Dyer v. Thorstad, 35 Minn. 534, 29 N. W. 345; King v. Lacrosse, 42 Minn. 488, 44 N. W. 517; Agne v. Skewis-Moen Co. 98 Minn. 32, 107 N. W. 415. With such knowledge his protection lies in his own hands.

In this case the mortgagor's disclosure to plaintiff fully informed it that he would have to rent the land and pledge his crop for rent and seed. With this knowledge it took the mortgage. Having such actual knowledge, we are unable to see how plaintiff can acquire a right greater than Brown's right. Plaintiff knew of the limitations upon Brown's rights to or in the crops. Instead of invoking the statute for protection it seems that its invocation would result in a fraud upon the landowner and the one furnishing the seed without which there could have been no crop. Where such rental is on shares the landlord's interests are zealously protected. 4 Dunnell, Minn. Dig. (2 ed.) § 5484; Ash Creek State Bank v. Zwart, 158 Minn. 100, 196 N. W. 935; First Nat. Bank v. St. Anthony & Dakota Elev. Co. 171 Minn. 461, 214 N. W. 288. While the lease calls for cash rent, it also provides that title to the crops shall remain in the lessor until the rent is paid. Perhaps this provision brings the case within the doctrine of the cases just cited, but as to that we express no opinion. Some states give the landlord a statutory lien, and an extensive discussion is found in Anno. 37 A. L. R. 400.

A seed grain note when filed takes precedence of all other liens. G. S. 1923, § 8373; McMahan v. Lundin, 57 Minn. 84, 58 N. W. 827; Endreson v. Larson, 101 Minn. 417, 112 N. W. 628, 118 A. S. R. 631. Actual notice renders the nonfiling immaterial.

It is urged that since the landlord did not have a valid contract at the time the mortgage was filed he could not thereafter acquire one that would be prior to plaintiff's mortgage already filed. This argument overlooks the fact that plaintiff did not have a lien until the crops came into existence. We need not stop to consider whether that was at the moment of germination. It is sufficient to point to

the fact that when the crop did come into existence the interest of the tenant therein was subject to the burden of seed and rent just as plaintiff had been advised when it saw fit to accept its mortgage. Its information was just as clear, definite and effective as if the rental contract had already been made and filed, and there seems to be no reason for saying that a contract had to be in existence before plaintiff could be charged with actual knowledge of what it would contain when made—especially is this true where some contract must be made before the mortgaged property can come into existence.

However the lease not only covered the $300 rental of 1926, which was the only rent concerning which plaintiff had actual notice, but it included a balance of 1925 rent in the sum of $352.85. Brown's disclosure to plaintiff cannot be construed as including any rent other than for 1926. The seed grain note was $168.30 and the 1926 rent was $300; total $468.30, which was prior to plaintiff's mortgage. The money paid for the grain was $538, or $69.70 more than necessary to pay the items prior to plaintiff's mortgage.

Can defendants escape liability as to the sum of $69.70? We think not. The grain evidenced by this excess must be treated as mortgaged subsequent to the filing of plaintiff's mortgage without plaintiff's actual knowledge and could not have been in contemplation of the parties at the time plaintiff procured its mortgage. The 1925 rent was merely a debt without priority because of origin. As to that rent the landlord was subordinated to plaintiff's mortgage, which was on file ahead of him.

The order is reversed with directions to amend the findings and enter judgment in accordance with the views herein expressed.