# WALTER G. SCHNIRRING v. L. H. STUBBE AND ANOTHER.[1]

May 10, 1929.

No. 27,308.

[1]Reported in 225 N. W. 389.

442

*H. J. Edison,* for appellants.
*Wright, Nelson & Plunkett,* for respondent.

OLSEN, C.

Appeal by defendants from an order denying their alternative motion for judgment or a new trial.

In June and July, 1926, John Muntean, a farmer living in Dodge county, had negotiations with plaintiff, a dealer in farm machinery in Mower county, for the purchase of a McCormick threshing machine. Muntean had, prior thereto, given an order for a Case machine to another dealer, and his negotiations were tentative and on the basis that he could not make a deal unless he first obtained a cancelation or release of the order given to the other dealer. On or about July 17, 1926, plaintiff had the McCormick machine taken out to Muntean's farm and placed in his yard. No order for the machine was obtained at that time and no terms of sale agreed upon. The machine was not fully set up for use and was not used until after August 3. Muntean had informed plaintiff that when he obtained release or cancelation of the order for the Case machine he would buy the McCormick machine, but no sale had been consummated. Just when Muntean obtained release of the order for the Case machine or when he communicated that fact to plaintiff does not clearly appear. Muntean had requested plaintiff to bring the machine out to his farm. On August 3, 1926, plaintiff's agent went to the Muntean farm and obtained an order or contract for the

sale of the machine to Muntean. Terms for payment were agreed upon, and notes for the purchase price and a chattel mortgage were given by Muntean to plaintiff to secure payment. The chattel mortgage was filed the same day, and the sale so consummated.

On July 23, 1926, Muntean owed defendant Brewer some $2,000, then past due. On that date he gave to Brewer notes and a chattel mortgage upon numerous articles of personal property to secure this indebtedness. The McCormick machine in question was then standing in Muntean's yard in the condition before stated. It was included in the chattel mortgage to Brewer. Muntean claims it was so included without his knowledge or consent. For the purpose of the decision here, it may be assumed that the machine was so included with the consent of Muntean.

Defendant Brewer claims ownership of the machine under foreclosure of his chattel mortgage. Plaintiff claims the right to recover for conversion under his purchase money mortgage.

The question presented is as to which chattel mortgage had priority. Plaintiff's mortgage was given to secure the purchase price of the machine. It was given at the time and as part of the sale transaction and contract and was promptly filed. Where as part of one transaction goods are sold and the seller receives or retains security thereon for the purchase price, the title passing to the purchaser is subject to the lien created or reserved. The title of the purchaser is limited to that extent, and he can neither encumber nor transfer any greater title than he receives. Whether the attempted encumbrance or transfer is prior or subsequent to the sale is immaterial. It follows that unless Muntean obtained title to the machine prior to the sale contract on August 3, 1926, or unless plaintiff is estopped from questioning such title, plaintiff's mortgage is the superior lien. The question of estoppel is not seriously urged and needs no further consideration.

Defendants claim that title to the machine passed to Muntean by delivery thereof to him on July 17, or thereafter and prior to July 23, 1926, when the Brewer mortgage was given. The evidence has been examined, and we find nothing therein that would require such

a finding. A finding to that effect would have slight, if any, support. The jury under the instructions given found that the sale was made on August 3. The passing of title is a question of the intention of the parties. G. S. 1923 (2 Mason, 1927) § 8393. Taking the evidence as a whole, we find nothing reasonably showing an intention to vest title to the machine in Muntean prior to the sale contract of August 3.

In most cases where the question whether title passed to the buyer has been considered there was a definite contract of sale in the first instance. In such cases unconditional delivery of the goods passes title. Here the evidence fails to show any contract of sale prior to August 3. Both the buyer and the seller deny that any contract of sale was entered into prior to that date. Mere delivery without any contract of sale of course vested no title in Muntean. If we assume that a contract of sale was entered into prior to the date mentioned, it is clear that we must also assume that it was a part of such contract that the purchaser was to give security for the price or pay for it in cash on delivery. In that situation, the general rule is that paying or securing the price is a condition precedent to the passing of title and, in the absence of laches, waiver, or estoppel, the seller retains title even as against bona fide purchasers or attaching creditors of the buyer. Such purchasers and creditors are in no better position than the one under whom they claim. Note to case of Johnson v. Iankovetz, 57 Or. 24, 102 P. 799, 110 P. 398, 29 L.R.A. (N.S.) 709; Rowe v. Spencer, 140 Ga. 540, 79 S. E. 144, 47 L.R.A. (N.S.) 561; Jones v. Southern Cooperage Co. 94 Ark. 621, 127 S. W. 704; Porter v. Rice (Ky.) 128 S. W. 70; Wise v. Collins, 121 Cal. 147, 53 P. 640; Amundson v. Standard P. & M. Co. 140 Iowa, 464, 118 N. W. 789.

There are a number of cases dealing with the question of liens on after-acquired property or property to be manufactured or produced. Whether such property is acquired by purchase or is manufactured or produced would not seem material. It is essentially after-acquired property. In either case a mortgage thereon before the property is acquired attaches only to such interest therein as the

mortgagor has at the time the property is acquired by him. If by the contract under which the mortgagor acquires title to the property a purchase money lien is reserved or is then given or created, his title is limited thereby, and any prior mortgage given by him thereon is likewise limited and is subject thereto. The holder of the purchase money lien or mortgage may lose priority by laches, waiver or estoppel, or, as to subsequent purchasers, mortgagees and attaching creditors, by operation of registry acts under certain circumstances. No question of loss of priority after the contract of sale was made on August 3 is here involved.

Recent decisions of this court applying the rule in cases involving farm contracts and crops are: First Nat. Bank v. St. Anthony & D. Elev. Co. 171 Minn. 461, 214 N. W. 288; State Bank of Stephen v. Farmers Grain Co. 174 Minn. 531, 219 N. W. 871; Massey-Harris Harv. Co. Inc. v. Moorhead Farmers Elev. Co. 176 Minn. 90, 222 N. W. 571. See also St. Paul Elec. Co. v. Baldwin Eng. Co. 159 Minn. 221, 199 N. W. 9; U. S. v. New Orleans R. Co. 12 Wall. 362, 20 L. ed. 434; Lumbert v. Woodard, 144 Ind. 335, 43 N. E. 302, 55 A. S. R. 175; Hammel v. First Nat. Bank, 129 Mich. 176, 88 N. W. 397, 95 A. S. R. 431; 5 R. C. L. 403, 404.

■ Complaint is made of a portion of the charge and of the refusal of the court to give a requested instruction. The instruction requested ignored any right of the seller to reserve title to or lien upon the property as a part of the contract of sale and was properly refused. The charge, taken as a whole, properly submitted to the jury the question whether Muntean purchased the machine at or prior to the time he gave the mortgage to Brewer, or not until August 3, the time when he gave the mortgage to plaintiff. This we think was the decisive issue, if any issue of title was to go to the jury. There was no evidence presented to justify any finding that title passed to Muntean after July 23 and before August 3.

■ Errors are assigned upon the refusal of the court to receive in evidence the foreclosure record of the Brewer mortgage, and the sustaining of objections to a question to defendant Brewer as to how much the machine sold for at the foreclosure sale. There was

no question raised at the trial as to the regularity of the foreclosure, and the record thereof was not material. The plaintiff had testified as to what he had been informed the machine was sold for, and there was no offer to prove that the sale price given was not correct. The damages awarded are not challenged as excessive. There was no reversible error in these rulings. There was evidence received at the trial showing that a bond was given by defendant Brewer to the defendant Stubbe, the sheriff who conducted the foreclosure sale. At the time objection was made, the same evidence that such bond was given had already been received without objection from another witness.

The court was well within its discretion in denying a new trial on the ground of newly discovered evidence.

Order affirmed.

