## GOODRICH SILVERTOWN STORES OF THE B. F. GOODRICH COMPANY v. A. & A. CREDIT SYSTEM, INC.[1]

June 11, 1937.

No. 31,324.

*George A. French,* for appellant.

*Smith, Waldorf & Sehm,* for respondent.

[1]Reported in 274 N. W. 172.

STONE, JUSTICE.

Action in conversion for the value of certain tires and tubes claimed to have been the property of plaintiff. The facts were stipulated, except as to value, which the court found to be $115. From the judgment for defendant, plaintiff appeals.

Before September 14, 1935, one Herman Vader covered his automobile truck with a chattel mortgage to defendant. The mortgage had an "after-acquired property" clause in the usual form. September 14, 1935, plaintiff sold to Vader tires and tubes under a conditional sales contract. They were placed on the truck. Shortly thereafter, defendant, under Vader's mortgage, repossessed the truck with the new casings and tubes. The mortgage had been duly filed. The conditional sales contract was not until after the repossession. There was refusal by defendant to surrender the tires and tubes, which it later sold with the truck on foreclosure sale. The court found that the tires and tubes could have been removed without damage either to them or the truck.

The only question for decision is the effect, as against defendant, of plaintiff's failure to file its conditional sales contract as required by statute.

█ It is the rule in this state that, compliance with registry laws aside, articles attached to an automobile or other principal article of personal property, when easily detachable without injury to either, do not pass by accession to the one having a prior mortgage or lien on the principal article as against the conditional vendor of the accessories, even if the lien instrument on the principal article has an after-acquired property clause. Goodrich Silvertown Stores v. Pratt Motor Co. 198 Minn. 259, 269 N. W. 464. This is on the theory that a mortgage or other lien reaching after-acquired property can only attach to such property in the condition as to title in which it comes into the hands of the mortgagor. St. Paul Elec. Co. v. Baldwin Engineering Co. 159 Minn. 221, 199 N. W. 9; Schnirring v. Stubbe, 177 Minn. 441, 225 N. W. 389. Since Vader got only a qualified title, which could not become more without payment of the full purchase price, defendant could take no greater right than Vader.

It is claimed that plaintiff's failure to file its conditional sales contract, as required by 2 Mason Minn. St. 1927, § 8360, is fatal to its case. The statute provides that a conditional sales contract "shall be void as to creditors of the vendee and subsequent purchasers and mortgagees of such property in good faith, unless the * * * contract * * * be filed as in the case of a chattel mortgage."

But the defendant is not one of those as to whom the conditional sales contract is void for failure to file. To be a "creditor" within this statute, it must have seized the property under legal process. Neils v. Bohlsen, 181 Minn. 25, 231 N. W. 248; Singer v. Farmers State Bank, 166 Minn. 327, 207 N. W. 631. Neither is it a subsequent purchaser or mortgagee. Massey-Harris Harv. Co. Inc. v. Moorhead F. Elev. Co. 176 Minn. 90, 91, 222 N. W. 571. In that case the priority between a mortgagee of future crops and the holder of a seed grain note was in question. The mortgage was filed but the note was not. It was urged that the failure to file the note was fatal to its holder. Although it appeared that the mortgagee took the mortgage with actual knowledge of the mortgagor's intent subsequently to purchase seed, it was held that "the object of the statute is to protect good faith subsequent purchasers and mortgagees," thereby impliedly, and of necessity, holding that the mortgagee was neither. The situation there is almost identical with the case at bar.

The case of C. I. T. Corporation v. Cords, 198 Minn. 337, 269 N. W. 825, is also in point. The question there was the priority between the appellant, with a statutory employe's lien under 2 Mason Minn. St. 1927, § 8548, and the conditional vendor of the employer's car, who became such after the lien attached but had failed to file his contract. Citing Schnirring v. Stubbe, 177 Minn. 441, 225 N. W. 389, we held that even if an intention be shown that after-acquired property shall be subject to the prior lien, the failure of the conditional vendor to file his instrument does not render it void because the law requiring the filing makes an unfiled conditional sales contract void only as against creditors of the vendee and subsequent purchasers and mortgagees. The employe, claiming a statu-

tory lien, conceded for purposes of argument as attaching to after-acquired property, is in the same position as defendant here, claiming under a prior chattel mortgage with an after-acquired property clause. Here, as there, defendant is not a subsequent purchaser or mortgagee within the meaning of the registry law.

Defendant does not come within the class protected by the statute requiring the filing of a conditional sales contract, since it is neither a creditor within the meaning of the statute nor a subsequent purchaser or mortgagee. Failure of plaintiff to file its contract does not preclude its right to recover the value of the tires and tubes in question, which right is otherwise undisputed.

There is logical merit in the argument for defendant based upon the so-called equities of the case. The gist of it is that when defendant elected to foreclose its mortgage on the Vader truck it made an election of remedies which barred it from suing for the debt. Defendant thereby may have changed its position to its prejudice. Even so, the case cannot be decided upon equitable principles. It is governed by settled law as indicated.

The judgment must be reversed with directions to enter one for plaintiff and against defendant for the value of the goods, with lawful interest, costs, and disbursements.

So ordered.