Williams, J.
 

 The question presented is whether a seller of tires and tubes, who reserves title thereto under a conditional sale contract duly deposited with the county recorder in accordance with Section 8568, General Code, may maintain an action for conversion against a mortgagee who, by virtue of a prior chattel mortgage lien on the automobile, on which these tires and tubes were placed at the time of sale, takes possession of the automobile with those accessories there
 
 *69
 
 on and subjects the vehicle thus equipped to the payment of the mortgage indebtedness.
 

 This subject is usually treated in the authorities under the title of accession. It has been stated as a general proposition that the union of the properties or materials of two persons in one article or product confers upon the owner of the principal thing ownership of the whole by accession. Nevertheless this general rule is not necessarily controlling where an attached article is readily removable without injury to either property and the conflicting interest of a third person in a part of the whole is asserted.
 

 The case at bar involves the rights of a third person to a product placed on the principal thing in such a way as to be removable without injury to either chattel. Rubber tires and tubes are to a marked degree shorter lived than automobiles and must frequently be removed for repair and replacement. For this reason the machines are so constructed that the tires and tubes are readily detachable. Such accessories are, therefore, in a different category from the parts of a vehicle so attached that they lose their identity in the whole. The question is therefore comparatively simple. The identity of the tires and tubes was not merged in the automobile on which they were placed and title to them by the terms of the conditional sale remained in the conditional vendor and did not pass to the conditional vendee. Essentially, under such circumstances, title by accession could not become vested in a conditional vendee and, at best, a mortgage lien created by a prior mortgage upon the automobile (if by the terms of the latter instrument after-acquired property could be subjected to the lien at all) could cover only the interest of the conditional vendee under a valid and enforcible contract of conditional sale.
 
 Bancroft Steel Co.
 
 v.
 
 Kuniholm Mfg. Co., ...
 
 Mass., ..., 16 N. E. (2d), 78.
 

 It has been stated in some authorities that the con
 
 *70
 
 ditional vendee has an interest he can sell or mortgage. Although it be conceded he has the right of disposition, yet he cannot sell or mortgage the chattel itself. He may sell, transfer or pledge such interest as he has under the contract of conditional sale but he can not by such an act avoid his contractual obligations or impair the rights of the conditional vendor.
 

 However, the court is dealing here with a prior chattel mortgage which is not shown by the record in this court to have contained an after-acquired property clause. It is difficult to understand upon what theory the mortgagee could, by talcing possession of the tires and tubes (even though there were an after-acquired property clause in the mortgage), obtain any interest in such accessories superior to the title of the conditional vendor where, as in this case, the statutes as to conditional sales had been fully complied with so as to make the contract valid as against those who claim a lien on the property conditionally sold. When there has been full compliance with the statutes relating to conditional sales the title to the accessories remains in the conditional vendor and is unimpaired by the seizure.
 

 The problem has frequently arisen and it has been almost universally held that a seller of tires and tubes, who reserves title thereto under a valid conditional sale contract, duly sworn to and filed, has a claim to such property superior to a mortgagee who asserts his rights under a prior chattel mortgage covering the automobile on which the tires and tubes are placed, irrespective of an after-acquired property clause in the instrument of mortgage.
 
 Goodrich Silvertown Stores of B. F. Goodrich Co.
 
 v.
 
 Pratt Motor Co.,
 
 198 Minn., 259, 269 N. W., 464;
 
 Goodrich Silvertown
 
 v.
 
 Rogers,
 
 189 S. C., 101, 200 S. E., 91;
 
 Goodrich Silvertown Stores of B. F. Goodrich Co.
 
 v.
 
 A. & A. Credit System,
 
 200 Minn., 265, 274 N. W., 172;
 
 Franklin Service Stations
 
 v.
 
 Sterling Motor Truclc Co.,
 
 50 R. I.,
 
 *71
 
 336, 147 A., 754;
 
 K. C. Tire Co.
 
 v.
 
 Way Motor Co.,
 
 143 Okla., 87, 287 P., 993. A collection of the authorities may be found in these works: Annotations 92 A. L. R., 425, 427; 68 A. L. R., 1242; 1 Corpus Juris Secundum, 415, Section 4b; 14 Corpus Juris Secundum, 951, Section 305; 1 American Jurisprudence, 202, Section 11.
 

 The defendant relies upon
 
 Metropolitan Securities Co.
 
 v.
 
 Orlow,
 
 107 Ohio St., 583, 140 N. E., 306, 32 A. L. R., 992. In that case an artisan retained an automobile in his possession with the purpose of preserving a common-law lien for labor performed and materials furnished by him in repairing the vehicle. At the time he received it for repairs it was encumbered by a chattel mortgage duly executed and filed with the county recorder as required by the then statute. This court held that the mortgage lien was prior to the artisan’s lien. There the artisan asserted a lien on the whole automobile and did not claim title to a severable or detachable part. The material used, having been blended into and made a component part of the automobile, passed to the owner thereof by accession and
 
 ipso facto
 
 became subject to the mortgage lien. The claim of the artisan for a lien was asserted against the principal thing, the mortgaged automobile, and the mortgage lien being prior in time was deemed to retain its priority in law. That decision is in accord with the weight of authority. Cases are collected in 14 Corpus Juris Secundum, 939, Section 300. However, the principle declared has no application to the case at bar.
 

 Although the conditional vendee herein paid but $7 on the purchase price of the new tires and tubes he did receive a credit of $14 for the old tires and tubes removed from the automobile at the time of the conditional sale. These old accessories, it may be assumed, were covered by the mortgage lien and, on that assumption, the mortgagee has a remedy by replevin or for damages for conversion if the elements of
 
 *72
 
 wrongful detention or conversion exist.
 
 Franklin Service Stations
 
 v.
 
 Sterling Motor Truck Co., supra.
 
 Since the mortgagee seeks no relief herein with respect to the old tires and tubes no question is presented as to them.
 

 As hereinbefore indicated, the chattel mortgage and the contract of conditional sale were filed with the county recorder as required by Sections 8561 and 8568, General Code, respectively. At the time of the transaction involved here, Section 8561, which provided for filing chattel mortgages with the county recorder, applied to automobiles. Section 6290-9, General Code, which provides for constructive notice of a mortgage lien on an automobile by means of a notation on the face of the certificate of title by the clerk of court, did not become effective until January 1, 1938. The effect of the failure to comply with these statutes which govern constructive notice is not herein decided since there was complete compliance with the sections then in force.
 

 This court holds that the title to the tires and tubes remained in the conditional vendor as against the chattel mortgagee and, when the mortgagee took possession of the automobile including these accessories, réfused to deliver them to the conditional vendor on demand, and sold them, the mortgagee converted them to its own use and the conditional vendor was entitled, on the undisputed facts, to recover the agreed value which amounted to $50.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Wbyganut, C. J., Day, Zimmerman, Matthias and Hart, JJ., concur.