



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. O-2467

Re: May the Department of Public
Safety issue a Certificate
of Title against a motor ve-
hicle upon affidavit of re-
possession, when there is of
record a first lien against
tires, radio or other acces-
sories, without requiring
from the applicant either a
notation on the application
of such first lien against
tires, radio or other acces-
sories, or evidence that such
first lien has been satisfied.

We are in receipt of your letter of June 20,
1940, in which you request an opinion of this Department
on the following question contained therein:

"We refer to opinion number O-1984 given
this Department by your office in which you
rule that the Department shall issue a Certif-
icate of Title against a motor vehicle when
said motor vehicle has been repossessed and
sold by the mortgagee at a private sale in ac-
cordance with the terms of the mortgage, and
that such Certificate of Title may not note
the second or inferior liens which existed
against said motor vehicle prior to the time
of repossession and foreclosure of the prior
lien.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., Page 2

"We now ask the following question:

"Shall the Department issue a Certificate of Title against a motor vehicle upon affidavit of repossession and under the circumstances outlined above, when there is of record a first lien against tires, radio or other accessories, without requiring from the applicant either a notation on the application of such first lien against tires, radio or other accessories, or evidence that such first lien has been satisfied?"

This Department ruled in opinion No. O-1984 as follows:

"By way of summary, it is the opinion of this department that where a mortgagee repossesses a motor vehicle and sells the same at a private sale, which procedure is in accordance with the terms of the mortgage, your Department is authorized to issue a Certificate of Title in the name of the purchaser at such private foreclosure sale which certificate may not note on the same the second or inferior liens which existed against said motor vehicle prior to the time of repossession and foreclosure of the prior lien."

In such opinion this Department recognized that the rule of law stated therein applied only to a foreclosure of the first or prior lien and the effect of such foreclosure on a second or subsequent lien. It is a rule of law too well settled to need the citation of authority that where a second or inferior lien is foreclosed, such foreclosure does not prejudice the right or extinguish the lien of the first or prior mortgage holder. Your question therefore resolves itself down to this: If the lien which the vendor of the tires, radio and other accessories takes against such articles is a first lien against such articles even though they are put on to a motor vehicle which bears a prior and first lien against

Honorable Homer Garrison, Jr., Page 3

such motor vehicle, then the foreclosure of such lien on the motor vehicle by the mortgage holder on the same would not extinguish the first lien which the vendor of the tires, radio or other accessories had against such accessories. However, on the other hand, if when such tire, radio or other accessory is attached to the motor vehicle, the party holding a first and prior lien against such motor vehicle gets a first lien against such tire, radio or other accessory which is superior to the lien held by the vendor of such accessory; then in such case, the foreclosure of the lien on the entire motor vehicle would be a foreclosure of the tire, radio or accessory also, and the rule of law announced in our opinion No.O-1984 would apply so that your Department could not note on the Certificate of Title of the new applicant who purchased the motor vehicle at the foreclosure sale, the lien which the vendor of the tire, radio or other accessory held against such article. Also if the lien of the vendor of such tire, radio or other accessory is a superior lien against such article over the holder of the original first mortgage on the motor vehicle, then your question would have to be answered in the affirmative and the application of the party who purchased the motor vehicle at the foreclosure sale with such tire, radio or other accessory included thereon would have to note such lien of the vendor of such accessory on such application or show other evidence that such first lien against such accessory has been satisfied or extinguished.

We are able to find but one case on this point in Texas. That is the case of Firestone Service Stores, Inc., vs. Darden, 96 S. W. (2) 316, San Antonio Court of Civil Appeals, decided May 6, 1936. The facts in that case were stated by the Court as follows:

"'M. W. Darden, of Bexar County, Texas, on the 7th day of July, 1934 purchased from the Motor Sales Company, a partnership composed of Lester G. Fox and Milton Weinfield, one 1926 Packard Sedan, 1934, License No. 93,307, motor No. 87500-A, for the sum of $108.00, paying therefor $38.00 in cash and leaving a balance of $70.00 for which the said Darden executed to the Motor Sales Company a chattel mortgage on the automobile, complete with standard attachments, accessories and equipment. The chattel mortgage was

Honorable Homer Garrison, Jr., Page 4

duly filed of record with the County Clerk of Bexar County, Texas, on the 8th day of July, 1934, a copy of which mortgage is hereto attached and marked Exhibit "A".

"'Thereafter, on or about the 15th of August, 1934, M. W. Darden drove to the Firestone Service Stores, Inc., in San Antonio, Bexar County, Texas, and purchased three automobile tires and tubes, size 600x23, being Firestone Heavy Duty Tires and tubes, bearing serial No. L-9630054U, L-964526U, and L-970041U. That at the time of the purchase of the tires and tubes and prior to the delivery of the same to M. W. Darden, a chattel mortgage lien was executed from M. W. Darden to the Firestone Service Stores, Inc., to secure a balance of $66.00 of the purchase price of said tires and tubes, a copy of said mortgage is hereto attached, marked Exhibit "B". That the chattel mortgage was filed of record with the County Clerk of Bexar County, Texas, on the 27th day of August, 1934; that the tires and tubes when purchased by M. W. Darden were placed on the Packard Sedan above described by the employees of the Firestone Service Stores, Inc., at the instance and under the direction of M. W. Darden while the said Packard Sedan was still on the premises of and at the place of business of the Firestone Service Stores, Inc.; that the old tires and tubes were taken off said Packard Sedan Automobile by Firestone Service Stores, Inc.'s employees and were delivered by them to M. W. Darden. . .'"

In deciding the issue as to who had the superior lien to those tires and tubes in question, the Court held as follows:

"It will be noted that appellee's chattel mortgage only covered the automobile and the standard attachments, accessories, and equipment delivered to M. W. Darden, and does not have any provision that such chattel mortgage shall include other accessories and equipment thereafter placed upon this automobile. Therefore the only theory on which appellees could

Honorable Homer Garrison, Jr., Page 5

> contend that their mortgage extended to and included the tires purchased from appellant by Darden would be that the tires when placed upon the automobile became a part thereof as an accretion or accession thereto. These tires being easily identified by serial numbers, and being so attached that they are easily removed, without injury to the automobile, do not become a part of the automobile by the rule of accretion or accession . . ."

The rule of law announced by the San Antonio Court of Civil Appeals in the Firestone case that tires, tubes, etc., do not become part of the motor vehicle by accession, is a rule of law recognized throughout the United States. See also the cases of Motor Credit Company vs. Smith, 24 S.W. (2d) 974, (Sup. Ct. Ark.); Bosquet vs. Mack Motor Truck Company, 168 N.E. 800, (Sup. Jud. Ct. Mass.); Clarke v. Johnson, 187 P. 510, (Sup. Ct. Nev.); Meisel Tire Company v. Edwards Finance Corp., 14 N.E.(2) 870; Franklin Service Station, Inc., vs. Sterling Motor Truck Company of N.E., 147 Atl. 754, (Sup. Ct. R.I.).

You are therefore advised that in a case where a motor vehicle is sold and a chattel mortgage taken on the same which does not contain any provision that the chattel mortgage shall include other accessories and equipment thereafter placed upon the automobile, and where later a tire, tube, radio, or other accessory is sold and the vendor of such article retains a lien upon the same, that under the authority of the Firestone Service Stores case, supra, the lien of the vendor of the accessory is superior against such article to the lien placed on the motor vehicle upon its original sale.

We call to your attention, however, the fact that the San Antonio Court of Civil Appeals did not pass on this question if the original mortgage had contained a so-called "after-acquired property" clause. As no such clause appeared in the original chattel mortgage taken against the motor vehicle, it was unnecessary for the court to pass on this question. However, this question has been passed on by numerous courts of the United States, and the rule of law throughout the United States has been settled and will undoubtedly be followed by the Texas courts when the occasion arises.

Honorable Homer Garrison, Jr., Page 6


There are numerous cases holding that where the original chattel mortgage against the motor vehicle contained an after-acquired property clause and later tires, or other accessories were installed upon said motor vehicle by a conditional seller who retained title to said accessories that in such case, despite such after-acquired property clause, the right of the conditional seller was superior to that of the original mortgagee. The Court of Appeals of Georgia, in the case of Passieu vs. B. F. Goodrich Company, 199 S.E. 775, November 10, 1938, stated as follows in this connection:

"The contract which retained the title to the truck upon which the tires sued for were subsequently placed, provided that additions to the truck should become a part of the truck and be covered by the contract. . .

"Every one who buys a truck knows that the replacement of tires and tubes is inevitable from a standpoint of keeping the vehicle in service and from a standpoint of protection of life and the property itself. Hence the ease with which they are removable.
. . .

"The title to the tires never did pass to the owner of the truck, and we can think of no reason why the seller of the tires and tubes would be estopped to claim title to them unless there was fraud practiced in the replacement. Surely the seller would not be estopped because he made traveling safer for the truck and its drivers and made use of the truck sure and continuous at least for a time. The seller's action can not reasonably be said to have caused the party holding the contract on the truck to have acted to his injury. So, we conclude that the seller of the tires and tubes has the superior title and that the judgment of the court below was correct. Goodrich Silvertown Stores v. Caesar, 214 N.C. 85, 197 S.E. 698; 2 Berry on Automobiles, 6th Ed. §1806; Lincoln Road Equipment Co. v. Bolton, 127 Neb. 224, 254 N.W. 884; Goodrich Silvertown Stores v. A. & A. Credit System, Inc., 200 Minn. 265,

Honorable Homer Garrison, Jr., Page 7

> 274 N.W. 172; Firestone Service Stores, Inc.,
> v. Darden, Tex. Civ. App., 96 S.W. 2d 316;
> Goodrich Silvertown Stores v. Pratt Motor Co.,
> 198 Minn. 259, 269 N.W. 464; Meisel Tire Co.
> v. Mar-Bel Trading Co., 155 Misc. 664, 280 N.
> Y.S. 335, and cit.; 92 A.L.R. 427, and cit."

The same fact situation confronted the Supreme Court of Rhode Island in the case of Franklin Service Station, Inc., vs. Sterling Motor Truck Company of N.E. 147 Atl. 754, decided November 15, 1929. The original chattel mortgage in that case contained an after-acquired property clause. The vendor of the tires sold the same under a conditional sale contract, in which case title remained in the vendor. The court held the rights of the conditional vendor of the tires superior to that of the original chattel mortgagee and stated as follows:

> ". . .

> "The automobile to-day is often assembled with parts bought from different dealers, which are separable and replaceable. This practice and course of the business must be considered on the question of accession as applied to automobiles.

> "We are of the opinion, as already expressed, that the mortgagee did not have title to the tires in question."

The same rule of law was announced by the Supreme Court of California in the case of D. Q. Service Corporation vs. Securities Loan and Discount Company, 292 P. 497.

The rule of law announced above in a case where the original chattel mortgage contained an after-acquired property clause and the vendor of the tire or other accessory retained title to such accessory under a conditional sales contract has also been extended to cases where the vendor of the tire or accessory retained only a lien against such accessory. The rule has been established that the original mortgagee under the after-acquired property clause has his mortgage attached against such after-acquired tire or other accessory only to the extent of the title of the purchaser in said article. The Supreme Court of Errors of

Honorable Homer Garrison, Jr., Page 8

Connecticut announced this rule of law in the case of Tire Shop v. Peat, 161 Atl. 96, June 21, 1932. The Court stated as follows:

> "While the authorities are not in harmony, we regard the weight of reason to be with those who hold, at least in the absence of express provision concerning after-acquired equipment, that the conditional vendor of a car, on repossessing it, takes only such title as the purchaser had in parts or equipment sold to him under a conditional bill of sale, which are as easily and readily detachable as tires and tubes
> . . .

> "The defendant makes a broader claim, that, by the terms of the sale of the automobile to Carney, the tires and tubes became subject to the provision that added or substituted parts or equipment placed upon the car are to become a component part of it and are included in the term 'car' as used in the bill of sale, and that therefore the plaintiff, when the tires and tubes were attached to the car, lost all right or interest in them. But while the defendant and Carney were free to make this agreement between themselves, they could not by its terms bind third persons not parties to it. Davis v. Bliss, supra. Title to the tires and tubes could pass to the defendant only through Carney, and he could pass only such title as he acquired in them by their purchase. Wood v. Holly Mfg. Co., supra; United States v. New Orleans & O. R. Co., supra; Hodes v. Mooney, supra. But Carney never did acquire any property in them which was not subordinate to the plaintiff's rights. It necessarily follows that the defendant could only acquire a property in them subject to those rights. The doctrine of title by accession does not apply to the equipment of a car which the buyer and seller do not intend to be merged into its structure and which is clearly distinguishable, and as readily detachable from it as are tires and tubes. Franklin Service Stations, Inc., v. Sterling Motor Truck Co., 50 R.I. 356, 147 A. 754; Bousquet v. Mack Motor Truck Co., 269 Mass. 200, 168 N.E. 800. . ."

Honorable Homer Garrison, Jr., Page 9

An example of a case where the vendor of the tires took only a chattel mortgage on said tires and was held to have a prior lien over and against the original chattel mortgagee of the motor vehicle which chattel mortgage contained an after-acquired property clause was the Goodrich Silvertown Stores v. Caesar, 197 S.E. 698, by the Supreme Court of North Carolina, decided June 22, 1938. The question before the court was stated as follows:

"The question presented for decision is: Where the seller of automobile tires and tubes, at the time of the sale, takes a chattel mortgage on the tires and tubes, and also on a truck, to secure the balance of the purchase price of the tires and tubes, and thereafter the tires and tubes are placed on the truck, is the seller of the tires and tubes, upon default in the payments, entitled to recover them, or their value, from the seller of the truck who has repossessed it, with the tires and tubes on it, under a prior conditional sales contract on the truck which contains an after-acquired property clause?

In answer to the question, the court stated as follows:

"The doctrine of accession is inapplicable in cases where personal property is placed upon other personal property if the property so placed had not become an integral part of the property to which it was attached and could be conveniently detached. . .

"The conditional sales agreement was between the defendant Paul Bennett Motor Company, as seller, and Quittie C. Caesar, as buyer, and the agreement by the buyer 'that any equipment, repairs, replacements or accessories placed upon said car shall be at the buyer's expense and shall become a component part thereof and included in the terms of this agreement' inured to the benefit of the Motor Company only to the extent of whatever property Caesar may have had in any accessories, including tires and tubes, placed upon the truck, and Caesar never had any property in the tires and tubes not subject to the purchase price chattel mortgage executed by

Honorable Homer Garrison, Jr., Page 10

him to the plaintiff. Therefore, the plaintiff, as holder of a past due chattel mortgage thereon, had a right to the possession of the tires and tubes, unless they had become so attached to the automobile so as to become such an integral part thereof as not to be removable without detriment to the automobile. . ."

The same rule of law was announced by the Supreme Court of Minnesota, in the case of Goodrich Silvertown Stores of B. S. Goodrich Co. v. A. & A. Credit System, Inc., 274 N.W. 172, decided June 11, 1937. The court stated the rule as follows:

"It is the rule in this state that, compliance with registry laws aside, articles attached to an automobile or other principal article of personal property, when easily detachable without injury to either, do not pass by accession to the one having a prior mortgage or lien on the principal article, as against the conditional vendor of the accessories, even if the lien instrument on the principal article has an after-acquired property clause. Goodrich Silvertown Stores v. Pratt Motor Co., 198 Minn. 259, 269 N.W. 464. This is on the theory that a mortgage or other lien reaching after-acquired property can only attach to such property in the condition as to title in which it comes into the hands of the mortgagor. St.Paul Elec. Co. v. Baldwin Engineering Co., 159 Minn. 221, 199 N.W. 9; Schnirring v. Stubbe, 177 Minn. 441, 225 N.W. 389. Since Vader got only a qualified title, which could not become more without payment of the full purchase price, defendant could take no greater right than Vader."

This rule of law applicable in a case where the vendor of a tire or accessory passes title to the purchaser and retains only a lien was perhaps best stated by the Supreme Court of South Carolina in the case of Goodrich Silvertown, Inc., vs. Rogers, et al, 200 S.W. 91, December 9, 1938. The court stated as follows:

"The fact that the mortgage of the defendant Motor Company contained a clause covering after acquired property is not controlling. Before the sale of the tires to Rogers,

Honorable Homer Garrison, Jr., Page 11

title thereto was in the plaintiff. It passed to Rogers simultaneously with the taking effect of the mortgage to the plaintiff, it being in effect a single transaction and Rogers only acquired title subject to the title retention contract, this being the true intention of the parties. He was never, therefore, able at any time, either prior or subsequent to the purchase, to pass any greater rights than he had . . .

"Under the rule in the Cash Mills Case, a mortgage intended to cover after acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. In the case at bar, the tires were subject to the interest of the seller, who by virtue of its sales contract retained a specific lien thereon. . ." (Underscoring ours)

Our conclusion based on the above discussed cases is as follows:

The lien of the vendor of the tire, tube, or other accessory is a first lien against such article and is superior to the lien of original vendor of the motor vehicle to which said accessory is attached. This is true even though the original mortgage on the motor vehicle contains an "after-acquired property" clause.

It is the opinion of this Department, therefore, that the Department of Public Safety may not issue a certificate of title on a motor vehicle upon affidavit of repossession without noting on said Certificate of Title the first lien of the vendor of the tire, radio, or other accessory which is attached to the motor vehicle unless the applicant for the new certificate of title who is the purchaser at the foreclosure sale produces evidence before your department that such first lien against such automobile accessory has been satisfied.

Yours very truly

APPROVED JUL 2, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN

BG:ew