## RUDOLPH WURLITZER CO v TITLE GUARANTEE & TRUST CO

Ohio Appeals, 1st Dist, Butler Co

No 597. Decided Jan 31, 1934

C. W. Elliott, Middletown, and Henry B. Street, Cincinnati, for plaintiff in error.

Moulinier, Bettman & Hunt, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The trust indenture or mortgage covered after acquired property. The law is, that under a mortgage on after acquired property the taking possession of the property is necessary to perfect the lien on the property under mortgage, and is, therefore, junior to intervening liens of third persons acquired prior to the taking of possession.

The Rudolph Wurlitzer Company's instrument was filed prior to the taking possession of the property by The Title Guarantee & Trust Company under its mortgage on the after acquired property. Therefore, if the claimed mortgage of the Rudolph Wurlitzer Company was a valid instrument, it would be prior to the lien perfected by the trustee in taking possession of the property.

It appears that in 1928 the Rudolph Wurlitzer Company entered into a contract with Chifos Brothers of Middletown, Ohio, who were then the owners of a theater building, to place additions and parts to an organ in the theater building at a cost of $5950, the cost to be met by a $250 cash payment and 30 promissory notes, payable on the certain dates mentioned in the contract. The contract was in the form of a chattel mortgage, but was never recorded.

Shortly after the contract with Chifos Brothers to place the additions or parts to the organ was entered into, The Strand Building Company was organized for the purpose of constructing a new theatre building on the property, and the property was conveyed by Chifos Brothers to the Strand Building Company. The Strand Building Company executed the trust indenture and mortgage making the Title Guarantee & Trust Company trustee, and bonds were sold under the trust agreement and the new theater was builded.

The Wurlitzer Company proceeded to install the additions and parts to the organ.

As heretofore stated, for some unknown reason the original contract and mortgage was not filed in the recorder's office.

On March 21, 1930, the Wurlitzer Company filed its paper writing in the recorder's office of Butler County, Ohio, under which it claims the property. It is in the form of a chattel mortgage and provides for a payment in accordance with the

terms of the original contract by the Chifos Brothers, and conveying the organ parts described in the instrument as "additions to be added to the organ now in Strand Theater, Middletown, Ohio."

At the time this instrument was left for filing with the recorder the trust indenture of the Trust Company had been on file for some time. Neither the Trust Company nor the bondholders had notice of the Wurlitzer instrument. The instrument shows the conveyance by Chifos Brothers, Butler County, Middletown, Ohio, of "additions to be added to Wurlitzer organ now in Strand Theater, Middletown, Ohio." The execution is as follows:

"In witness whereof, the said Gust Chifos has hereunto set his hand this     day of March 10, 1930.

Note:   This contract bears 6% interest from Date.

The Strand Building Co.
           by Gust Chifos sec."

Thus it is shown as far as third persons are concerned Chifos Brothers were the mortgagors of property to which they had no title.

The description is "additions to be added." This would indicate the mortgage was to cover after acquired property. At this time the additions had been added, as disclosed by the record. This description might not be fatal to the mortgage of standing alone, as it might be subject to explanation as to what property was covered. The instrument was signed by Gust Chifos. True, he added "The Strand Building Company, by Gust Chifos, sec." But the recital is that he "as Gust Chifos" has hereunder set his hand.

The affidavit required by the statute recites that the mortgagor named in the mortgage has a valid claim against Chifos Brothers for the sum of $5950. If it is a claim against Chifos Brothers, that would not entitle the Wurlitzer Company to a chattel mortgage against the property of the Strand Building Company. The chattel mortgage was indexed under the name "Chifos Brothers". The statute requires proper indexing under the name of the mortgagor. This, the recorder did. The amount named in the affidavit was shown not to be the true amount of the claim against Chifos Brothers, as there had been a cash payment of $250. This point taken alone might not invalidate the mortgage. It is stated in the case of **Cross, Trustee v Carstens, 49 Oh St, 549, 575,** "it would follow, by force of a familiar principle, that

the requirements of the statute should be fully complied with by those who seek to avail themselves of its provisions."

Thus we have the following defects in the Wurlitzer mortgage. The mortgage was given by Chifos Brothers and not by the Strand Building Company. The signature is so contradictory that the mortgage would not be valid against third persons, the bondholders in this case. The affidavit described Chifos Brothers as the mortgagors. The description of the property is not clear, although, standing alone, might not be sufficient to invalidate it. The affidavit is untrue as to the amount of the claim. It may be that the mortgage could be upheld between the parties notwithstanding the defects, but it can not be upheld as a prior lien against third parties without notice, as in this case.

An extended discussion might be gone into as to each of these five defects, but it would avail no purpose in this opinion. The Wurlitzer mortgage is fatally defective as against the claim of the Title Guarantee and Trust Company, trustee of the bondholders.

There is a further claim made by the Trust Company that in any event the organ parts were but accretions, since the organ itself was in the theater when it obtained its lien. We do not find it necessary to pass upon this question as our conclusion supports the trial court in its finding that the lien of the Title Guarantee & Trust Company was a first and best lien.

As to the piano:—The Wurlitzer Company's chattel mortgage was filed for record January 10, 1930. This was long prior to the taking possession of the mortgaged property by the Title Guarantee & Trust Company, and if the mortgage contains no fatal defects, its lien is a prior lien to that of the Trust Company. The only defect suggested in the Wurlitzer mortgage on the piano is that the affidavit recites that the "said The Rudolph Wurlitzer Company, mortgagee, has a valid claim against Gust Chifos, the mortgagor;" and claim that this affidavit is defective and therefore invalidates the mortgage.

It will be noted in the affidavit that while the name Gust Chifos is used, it refers back to the mortgagor, and that mortgagor is the Strand Building Company. The affidavit will not invalidate the chattel mortgage, and the lien of the Wurlitzer Company under its mortgage on the piano is a first lien.

We find no reversible error in the judgment of the trial court, finding the lien of

the Title Guarantee & Trust Company on the organ parts to be a first and best lien thereon, and finding the Wurlitzer Company's lien on the piano to be a first and best lien, and the judgment as to these matters is affirmed.

CUSHING and ROSS, JJ, concur.