Cummings Bank Co., Plaintiff-Appellee, *v.* Turner, Defendant-Appellee, Cummins Diesel of Northern Ohio, Inc., Defendant-Appellant.

Ohio Appeals, Seventh District, Carroll County.

No. 335.    Decided July 10, 1963.

*Messrs. Saltsman & Saltsman*, for plaintiff-appellee.
*Mr. Tom Richards*, for defendant-appellant.

FRANCE, J. This cause is before us on a law and fact appeal from decree of Common Pleas Court, Carroll County, and was submitted on the original pleadings and exhibits, together with bill of exceptions used as a transcript of testimony.

On March 15, 1960, plaintiff financed the purchase by defendant Turner of a Lorain shovel to be used in a strip mining operation, taking a purchase money note and chattel mortgage on the shovel "together with all attachments and equipment, including such as may be added or substituted by the mortgagor." The seller took at the time a subordinated chattel mortgage for the balance due him. Both mortgages were properly filed.

The Waukesha engine which was original equipment on the shovel became defective and after attempted repairs became completely inoperative, wherupon Turner purchased from defendant Cummins Diesel (hereinafter called Cummins) a more powerful replacement engine. About June 15, 1960, without foreknowledge or consent of plaintiff, the Waukesha engine and certain fittings were removed from the shovel, taken by Cummins to its shop and the fittings altered for application to the new engine. The new engine and fittings were then installed on the shovel at its operational site. Cummins, in payment of the purchase money and with both actual and constructive knowledge of plaintiff's mortgage, took a single chattel mortgage from Turner Coal Co., John R. Turner, President, on an Osgood shovel and the Lorain shovel, "above Lorain shovel powered by Cummins Diesel Engine, Model NHRS 6-IP Serial No. 129537, with Cotta transmission * * *."

The Waukesha engine was left at Cummins' shop until its sale by Turner and delivery as scrap to a purchaser. The Lorain shovel was put to use on the site by Turner.

Turner thereafter defaulted on his stipulated payments to all mortgagees. On a Sunday morning, March 12, 1961, Cummins, by its employees, went to the site of operations without notice to or knowledge by any other party and removed from the shovel the engine, transmission and other fittings, using acetylene torch to cut the bolts which held the engine mount to the shovel frame.

Plaintiff then brought the instant action in foreclosure of

its mortgage, claiming right of property in the removed engine and fittings and by motion sought order of delivery of them to the sheriff for sale in foreclosure. By agreement of the parties the shovel, without engine and fittings, was sold while the action was pending, the proceeds being applied to plaintiff's claim. There is now in dispute solely the question, as between plaintiff and Cummins, of their respective property rights to the engine and fittings or their priorities in the proceeds of sale.

Cummins argues strongly that, despite the after acquired property clause in plaintiff's mortgage, title to the engine did not pass under the mortgage until there was a delivery of it by the mortgagor, which never occurred. Supplementing this claim is one that Cummins held a reservation of title to the engine under its own chattel mortgage which was good as against the after acquired property clause notwithstanding that Cummins' mortgage was junior to plaintiff's in point of time.

Where there is no after acquired property clause in an automobile mortgage the attachment to the car of tires or other accessories separately mortgaged under an instrument junior in time gives the automobile mortgagee no claim on them. *Goodrich Silvertown Stores* v. *F. M. Rugg Motor Sales Co.*, 137 Ohio St., 66. By way of dicta the First District Court of Appeals has concluded that even with an after acquired property clause, the mortgage on the whole is inferior to intervening liens of third persons on parts or accessories later supplied, at least where the later lien precedes possession by the original mortgagee. *Rudolph Wurlitzer Co.* v. *Title Guarantee and Trust Co.*, 17 Ohio Law Abs., 182. We assume, without finding it necessary to decide the question, that this would be true even where a bolting in and power connection is involved as here. *Havas Used Cars Inc.* v. *Lundy* (Nevada), 276 Pacific (2d), 727, and see generally cases collected in 43 A. L. R. (2d), 814-827.

We are not confronted here, however, with the sale of a component part and placement in mortgaged property under a title retention document on the part itself. For the better security of its money claim Cummins took a mortgage, not on the engine, but on two shovels as to only one of which the engine in question was a part. It thereby waived any lien on the

part, and elected to assert a unitary claim on the whole. By so doing it consented to and, in effect, created an accession to the mortgaged whole. It had actual notice of a prior lien on the whole and thus consented to a junior position thereon. Its rights in the part, if any, were merged in its claim to the whole, and its priorities were determined by the latter.

As to the claim that the after acquired property clause could not take effect until possession was had by the first mortgagee it should be noted that, by the terms of its mortgage, plaintiff had no right of possession of any part of the shovel until default occurred and there was no default until long after the time of attachment. Cummins likewise surrendered possessory rights to the engine, as part of the shovel, until such time as default occurred in its junior mortgage. Thereafter, in order to possess the engine it necessarily had to take constructive possession of the shovel. Since it did so as junior mortgagee and with knowledge of its junior position, its possession of the whole, including the engine, for the purposes of any title accrual which possession alone would bring, inured to the benefit of the senior mortgagee. If there was any defect in the possessory rights of plaintiff to the engine it was cured by Cummins' own act.

Appellee further argues that since Cummins by inadvertence made its sale run to a non-existent corporation and took its mortgage back from the same corporation (Turner Coal Co., John R. Turner, President) it forfeited all rights of possession when the engine was attached to the shovel of the true owner (plaintiff as mortgagee of John R. Turner, an individual). We assume the correctness of the proposition without finding it necessary to so hold. See *Rudolph Wurlitzer Co.* v. *Title Guarantee and Trust Co., supra.* Cummins' rights as to the whole world are not here in issue, only its rights as against plaintiff. Since we conclude that its claims are inferior to plaintiff's in any event and there are no intervening claimants we decline to pass on Cummins' rights with respect to anyone else.

We find for the plaintiff herein, and decree may be entered ordering delivery of the engine in question to the sheriff for execution sale, proceeds of sale to be applied first to costs,

thereafter to satisfaction of the balance due on plaintiff's first cause of action, residue if any to be applied in satisfaction of Cummins' mortgage. Since the proceeding here is in equity we are unable to recognize such rights as Cummins' might have in strict legal foreclosure. There being no evidence as to damage or deterioration of the engine as security at the present time, the question of deficiency judgment against Cummins is prematurely raised.

BROWN, P. J., concurs, and JONES, J., not participating.